# Case No. 14,888.

## UNITED STATES v. CRANE.

### [4 McLean, 317.] [1]

Circuit Court, D. Ohio.  Nov. Term, 1847.

CRIMINAL LAW—ACCESSORY—EFFECT OF ACQUITTAL OF PRINCIPAL.

1. When an individual is charged as accessory, he may, under the statute, be tried and convicted, if the principal can not be found.

[Cited in Stockwell v. U. S., 13 Wall. (80 U. S.) 559.]

2. But when the principal has been tried and acquitted, on the charges, on which another is indicted as accessory, the person charged as accessory will be discharged on motion.

[This was an indictment against Joel W. Crane, charging him with knowingly and willfully receiving and secreting stolen mail.]

Bartley, U. S. Dist. Atty.

Ewing & Swayne, for defendant.

OPINION OF THE COURT. The defendant is indicted, as accessory under the 45th section of the post office act [of 1825 (4 Stat. 114)], which declares, "that if any person shall buy, receive or conceal, or aid in buying, receiving or concealing any article mentioned in the 21st section of the act, knowing the same to have been stolen from the mail of the United States, shall be punished on conviction, etc. And such person so offending, may be tried and convicted without the principal offender being first tried, provided he has fled from justice and can not be put upon his trial." The principal offender was convicted on the first, second and fifth counts of the indictments found against him. "The first count charged him with stealing the mail; the second count contained the same charge, somewhat varied, and the fifth count charged the de-

fendant with stealing the mail containing sundry letters and packets." The indictment against Pettis, the principal, contained six counts, and the jury found him guilty on three counts and not guilty on the other three. In the third count he was charged with stealing the mail, containing fifty letters. The fourth charged him with stealing the mail containing sundry articles of great value, to wit. of the value of five hundred dollars, the particular description of which, being to the jurors unknown. Also containing sundry bank notes of great value, being to the jurors unknown. Also containing sundry bank notes of great value, to wit, of the value of five hundred dollars, the particular description of which being to the jurors unknown. Also containing bank notes specified of the value of thirty-five dollars. The sixth count charged him with ripping, cutting, etc., the mail bag. There are three counts against the defendant as accessory. The first count is abandoned. The second count charges that Pettis stole the mail of the United States of great value, to wit, of the value of five thousand dollars; and that the defendant Crane then and there well knowing, that the said Pettis had stolen the said mail as aforesaid, did knowingly and feloniously afford and furnish comfort and assistance to the said Pettis, by keeping and secreting the said last mentioned money for the said Pettis, etc. The third count charges Pettis with stealing the mail, of the value of five hundred dollars and containing letters inclosing a large quantity of bank notes, to wit, five thousand dollars which were received and secreted by the defendant Crane.

A motion is made to discharge the defendant on the ground that Pettis, his principal, was found not guilty on the counts against him for stealing the mail containing bank notes, etc.

1. There seems to be no objection against hearing this motion, as it presents only a question of law arising from facts of record.

2. The offense charged against Crane is under the statute; but it is governed by the same principles as the offense at common law, except that if the principal can not be found, the accessory may be convicted.

3. If the principal be acquitted, the accessory must be discharged.

4. The principal must be convicted, if found, of the thing which the accessory is charged with concealing.

5. If the accessory be charged with stealing bank notes, the principal must be convicted of stealing, from the mail, bank notes.

6. It is not sufficient to show, that he did in fact steal them, but, if found, he must be convicted of stealing them, before the accessory can be punished. 1 Chit. Cr. Law 218; Hale, P. C. 623.

The defendant is discharged.

[1] [Reported by Hon. John McLean, Circuit Justice.]