## *In re* JOHN SCHENCK.

The power to issue the writ of *habeas corpus* is denied to the Supreme Court and any Judge thereof, or to the Superior Courts, by the express provision of Bat. Rev. chap. 54, where the applicant is detained by virtue of a final judgment of a court of competent jurisdiction The application must be refused, even where it appears that the applicant is imprisoned in the State's prison, and the sentence of the court is erroneous; and the applicant, in default of appeal, must be left to his remedy by writ of *certiorari*.

(*Childs v. Martin,* 69 N. C. Rep. 126, cited and approved.)

PETITION for a writ of *habeas corpus*, heard before this court at this term.

All the facts necessary to an understanding of the case are stated in the opinion of the court.

*Attorney General Hargrove,* for the State.
*Battle, Battle & Mordecai,* for the petitioner.

BYNUM, J. In the matter of Schenck. The petition in this case was filed before me, and as it is case of much importance and public concern, I asked the assistance and advice of all the Justices of the Supreme Court. The case was accordingly argued before the whole court by the Attorney General on behalf of the State, and by Mr. R. H. Battle for the petitioner. With the advice and concurrence of all the Judges, the motion was denied and the following opinion filed :

This is an application for a writ of *habeas corpus*, upon the following state of facts :

At the Fall Term, 1875, of the Superior Court of Lincoln county, the petitioner, John Schenck, was indicted for an assault and battery upon the body of one Alexander Schenck. At the same term of the court, the defendant appeared and submitted, and was by the court sentenced to two years im-

prisonment at hard labor in the penitentiary, where he now is, undergoing his punishment. The record shows that the penitentiary was substituted by the court, (instead of the common jail, I presume,) " by the consent and choice of the defendant."

The petitioner alleges that this judgment is illegal, in that the law confers upon the court no power to impose such a sentence for such an offence. That punishments in this State are regulated by statute ; and that by a proper construction of sections 29, 108 and 111, chap. 32, of Bat. Rev. the punishment of misdemeanors•of this class, is limited to fine and imprisonment in the county jail, one or both. And such would seem to be the law. It follows that no consent of the defendant can confer a jurisdiction which is denied to the court by the law, and that any punishment imposed, other than that prescribed for the offence is illegal.

But admitting that the petitioner is illegally confined, is he entitled to relief by this proceeding before me ? I think he is not, and the application must be denied.

The power to issue the writ of *habeas corpus* is derived from the Constitution, Art. 1, sec. 18, and the Act of the Legislature for enforcing that provision, Bat. Rev. chap. 54, sec. 2 and sub. sec. 4, which is as follows: " The application for the writ shall be in writing, signed by the applicant.

1. To any one of the Judges of the Supreme Court.

2. To any one of the Superior Court Judges, either at term time or in vacation."

It is thus plainly seen that a single Judge of the Supreme Court has the same and no other jurisdiction to issue the writ than a Judge of the Superior Court, and by reference to the same section of Bat. Rev. chap. 54, sec. 2, it becomes equally plain that the same limitation of power to issue the writ in certain cases, extends equally to the two classes of Judges, to-wit : " The application to prosecute the writ shall be denied in the following cases, * * * * * Where persons are committed or detained by the final order,

judgment or decree of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such final order, judgment or decree." The Superior Court *is* a court of competent jurisdiction of the person and offence of the petitioner, and by the terms of the statute, no writ of *habeas corpus* lies against its final judgment. The petitioner had his day in that court, and if he was aggrieved by the judgment he had the remedy and the opportunity of appeal to the court of last resort. This is the prescribed and regular course of procedure, from which there is and can be, from the very necessity of the case no departure.

So far as the law goes, to secure the citizen the full benefit of the right of appeal, even in cases of his own neglect to avail himself of this right, that upon his application to the Supreme Court, with a reasonable excuse for his neglect, that court will issue the writ of *certiorari* to the Superior Court, and thus bring up the case for review as on appeal. The petitioner here, has neither appealed from the final judgment, nor has he applied to the Supreme Court for the writ of *certiorari*. Should such an application be made to that court, and it clearly appeared that the court below had exceeded its jurisdiction, and sentenced a defendant to an illegal imprisonment, the Supreme Court would probably issue the remedial writ, that a wrong might be redressed in the only way open, upon an excuse slighter than is ordinarily required, for not having appealed from the judgment.

The question was raised, discussed, and has been considered, whether the Supreme Court, as such, has the power to issue the writ of *habeas corpus*, in this case. The jurisdiction of the Supreme Court is prescribed by the 10th section of Article IV of the Constitution: "The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the Court below, upon any matter of law or legal inference; * * * and the court shall have power to issue any remedial writs neces-

sary to give it a general supervision and control of the infe-
rior courts." It is thus seen that the Supreme Court, as now
constituted, is a court of appeals only, and has no jurisdiction
to issue any original process, except to enforce its own judg-
ments, and to issue such remedial writs as may be necessary
to give it a general supervision and control of the inferior
courts. For illustration, take the case now before us. If this
case had come before the Supreme Court by appeal, or should
hereafter come before it by *certiorari*, and upon the trial it
should appear that the prisoner was suffering an illegal con-
finement in the penitentiary, it would be the duty of that
court, by virtue of its supervisory power, and of Battle's Re-
visal, chap. 54, sec. 10, enacted to carry into effect this con-
stitutional power of the Supreme Court, to issue the writ of
*habeas corpus*, even of its own motion, and discharge the pris
oner. So if the superior Court should refuse to allow an ap
peal in a proper case, or should refuse to carry into effect a
decree of the Supreme Court, that court would have the power
to issue the writ of *certiorari, mandamus* or appropriate writ,
to enforce its supervisory power. Still, in these and the like
cases, it is only a court of appeals, clothed with these remedial
powers, to secure the prompt and complete execution of its
appellate and supervisory jurisdiction.

So it would seem from the constitution of the Supreme
Court, as well as by the express provisions of the second sec-
tion of the Habeas Corpus Act, Bat. Rev. chap. 54, that the
power to issue the writ in cases where the person is detained
by virtue of a final judgment of a court of competent juris-
diction, is denied both to the Supreme Court and any Judge
thereof or of the Superior Courts.

In cases where the writ is allowable, it has been seen that
the power is conferred equally upon all the Judges to issue the
writ. Without reference to the positive prohibition of the
statute, it is otherwise clear that the power cannot extend to

cases where the person is confined on final process. For if so, this unseemly and discordant result would follow, that Judge Schenck might try and sentence a person to death or the penitentiary, and Judge Cloud or Buxton might issue the writ of *habeas corpus* and discharge the prisoner. Results so disgraceful and destructive to the orderly and harmonious administration of justice, were never contemplated by the framers of our judicial system; on the contrary they were carefully guarded against, both by the constitution and legislation. In *Childs* v. *Martin*, 69 N. C. Rep. 126, it is held that where two or more courts have equal and concurrent jurisdiction of a case, that court in which a suit is brought acquires jurisdiction of it, which excludes the jurisdiction of other courts. The same principal applies here.

PER CURIAM.                                Application denied.