STATE v. EPHRAIM QUEEN.

*Criminal Law—Judgment—Habeas Corpus.*

1. A defendant, charged with the crime of burglary with intent to
commit murder, consented to a mistrial and pleaded "guilty of
larceny;" and he was thereupon sentenced to imprisonment in
the penitentiary; *Held,* that his confession of being guilty of a
crime not charged in the indictment, warranted no judgment
against him.

STATE *v.* QUEEN.

2. *Held further:* As the original bill of indictment is still pending against him, he is not entitled to be discharged, but a writ of *habeas corpus* will issue, in order that he may be taken from the penitentiary and held to answer the charge in the court below.

(*State* v. *Lawrence*, 81 N. C., 522; *Ex Parte Summers*, 5 Ired., 149, cited and approved.)

PETITION for *certiorari* heard at October Term, 1884, of THE SUPREME COURT.

*Attorney-General,* for the State.
Mr. *J. C. L. Harris,* for defendant.

ASHE, J. The indictment charges the crime of burglary with intent to kill and murder, and is in proper form.

The defendant pleaded "not guilty" and the case was submitted to a jury, and while the case was in charge of the jury, the prisoner being at the bar of the court, by his consent and that of the solicitor for the state, it was ordered that a juror be withdrawn and a mistrial had, which was done and the jury discharged from its further consideration.

The defendant then came into court and pleaded "guilty of larceny." Thereupon it was ordered by the court "that the defendant be imprisoned in the state prison at Raleigh for the term of ten years at hard labor, and that the sheriff of Watauga county convey the prisoner to the state's prison."

The defendant failed to appeal from this judgment and was sent to the state's prison where he is now confined, and at this term of the court he filed a petition for a *certiorari* to be issued to the clerk of the superior court of Watauga county directing him to transmit to this court a transcript in the above entitled cause.

Upon consideration of the petition, it appearing that the defendant had shown satisfactory excuse for his failure to appeal from the judgment rendered against him in the su-

perior court, the writ was ordered to be issued. It was issued and the clerk has sent up a transcript of the record in the case as above set forth.

The record pres·nts an anamolous case. A citizen is condemned to ten years' imprisonment in the state's prison, at hard labor without any presentment of a grand jury or bill of indictment, or any charge whatever made against him of the commission of the crime for which he has been so severely punished, simply upon his own confession in court of being guilty of a crime which there is no.pretence he had ever committed.

The matter was *coram non judice.* The judge had no more power to sentence the defendant to imprisonment than any private person in the county.

The section of the bill of rights declares that " no person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, presentment or impeachment." And there is no other mode provided in the constitution for the prosecution of felonies.

The judgment pronounced by His Honor was in contravention of this provision of the constitution, and was therefore without authority, and void.

The defendant would be entitled to his discharge at once if it were not for the fact that the indictment as still pending against him for the crime of burglary.

As was held in the case of the *State* v. *Lawrence,* 81 N. C., 522, the defendant may be brought before the judge at the next term of the superior court for Watauga county, by a writ of *habeas corpus,* to the end that he may be held to answer the indictment for burglary therein pending.

But we are of the opinion he may, in the meantime, by writ of *habeas corpus,* be discharged from his confinement in the state's prison, but should be remanded to the custody of the sheriff of Watauga to answer the said charge of burglary.

It may be questioned, however, whether the writ of *habeas corpus* will lie in a case where the defendant is imprisoned by virtue of the judgment of a court of competent jurisdiction of the crime for which he is imprisoned.

In such a case it is provided by section 1624 of " THE CODE," sub-division 2, that the writ should be denied; and sub-division 3 of section 1646 declares the party should be remanded, " for any contempt specially and plainly charged in the commitment by some court, officer or body having authority to commit for the contempt so charged."

This latter provision is as peremptory as that in sub-division 2 of section 1624, and yet this court held in *Ex parte Summers*, 5 Ired., 149, that in a case of imprisonment for contempt, where the court states the facts upon which it proceeds, a revising tribunal may, on a *habeas corpus*, discharge the party if it appears plainly that the facts do not amount to a contempt."

The analogy is very strong between that case and the one we are considering. There, the judge who committed for the contempt had undoubted power to commit for contempt; but here, according to the facts disclosed in the record, the judge had no such case as larceny before him, and his judgment was not only without authority, but was an absolute nonentity; and that being so, we can see no reason why the defendant should not be entitled to the benefit of the writ and be discharged, if it were not for the pending of the indictment against him.

The judgment of the superior court of Watauga county is reversed, and this opinion must be certified to that court.

Error.                                                    Reversed.