THE STATE v. HARRISON JONES.

*Accessory— Arson—Former Acquittal and Conviction—Jurisdiction—Merger— Constitution.*

1. The statute—*The Code,* § 977—dispenses with the necessity of the conviction of the principal felon before an accessory before the fact can be tried and punished, but the common law rule, that an *acquittal* of the principal is an acquittal of the accessory, still is in force.

2. Where, upon arraignment of one charged as a principal with the crime of arson, the record showed that by the consent of Court and the defendant the " indictment was changed to charge an attempt to burn a dwelling house," but no other charge was made by the Grand Jury, and the defendant thereupon "pleaded guilty to an attempt to burn a store," and was sentenced to imprisonment in State's prison: *Held,* that the attempted change of the bill, the plea of guilty and the judgment of the Court were nullities, and that an accessory after the fact could not sustain a plea of acquittal of the principal felon by proof of such proceedings. (SMITH, C. J., dissenting.)

3. It is a general rule that where two or more offences arise out of the same transaction, a conviction or acquittal upon an indictment for one will not be good in bar of that for the other, unless the latter is a necessary ingredient of the former, and the defendant might have been convicted of it under the first indictment.

INDICTMENT, charging the defendant with being accessory before the fact to the crime of arson, tried before *Philips, J.,* at August Term, 1888, of the Superior Court of ROWAN County.

One William Thrasher was charged with the felonious, wilful and malicious burning of the dwelling house of one Theo. Burbon, and indicted therefor in the Superior Court of Rowan County, at Spring Term, 1888, of said Court, and at the same term of the Court and in the same indictment the defendant was charged with being accessory before the fact in feloniously, wilfully and maliciously inciting, moving, procuring, causing and commanding the said Thrasher to do and commit said crime.

Upon this indictment the defendant Harrison Jones was put upon his trial, the defendant Wm. Thrasher not being on trial.

Before the introduction of any testimony, either upon the part of the State or the defendant, the defendant Harrison Jones moved the Court that this action should abate as to him, and in support of his said plea in abatement offered an affidavit setting forth, in substance, that, at May Term, 1888, an indictment was preferred against William Thrasher for arson, and containing a count charging the defendant with being accessory before the fact thereto; that at May Term, 1888 (the same term), an indictment theretofore found, to-wit: at May Term, 1886, against the principal defendant, Wm. Thrasher, for arson, was changed so as to charge the said principal defendant with an attempt at burning, and that said defendant Thrasher was allowed to plead guilty to said substituted charge, and was thereupon adjudged guilty of

an attempt to burn, and that judgment, sentence and execution followed, and that said defendant 'I hrasher is now serving out said sentence in the State's prison.

Accompanying the affidavit is a transcript of the record, showing that at May Term, 1886, the defendant William Thrasher was indicted for arson in burning the dwelling-house of Theo. Burbon, on the first day of May, 1886, and, among other things, the following entries appear:

"State *v.* William Thrasher. No. 1. Arson. Indictment changed to charge an attempt to burn a dwelling house.

The defendant pleads guilty to an attempt to burn store."

Upon this plea of guilty, the record shows a judgment that the defendant be imprisoned for a term of seven years in the State's prison. The transcript of the case on appeal shows also the following: "The reason why the defendant Thrasher was allowed on this original bill to plead guilty for an attempt to burn, and the record was so amended, was, that it was made to appear to the Court that Thrasher was a man of weak and infirm mind."

The Solicitor for the State opposed the defendant's plea in abatement, on the ground that the indictment against the defendant Jones was, under the statute, a substantive felony, and that the two indictments were for one and the same felony.

The plea in abatement was overruled, and the defendant excepted. There was a verdict of guilty, judgment and appeal.

*The Attorney General,* for the State.
*Mr. Theo. F. Kluttz,* for the defendant.

DAVIS, J. (after stating the case.) It is well settled that an acquittal of the principal is an acquittal of the accessory,

101—46

and at common law an accessory before the fact could only be convicted when tried at the same time with the principal and after conviction of the princi₁ al, or unless the principal had been before tried, convicted and sentenced. *State* v. *Duncan,* 6 Ired., 98.

To remedy this and prevent accessories from escaping punishment, it was enacted, or, as the statute expressed it, " for the more effectual prosecution of accessories before the fact to felony, it is enacted that if any person shall counsel, procure or command any other person to commit any felony, * * * the person so counseling, procuring or commanding shall be deemed guilty of felony, and may be indicted and convicted either as an accessory before the fact to the principal felony, together with the principal felon, or after the conviction of the principal felon, *or may be indicted and convicted of a substantive felony, whether the principal felon shall or shall not have been previously convicted, or shall or shall not be amenable to justice,* and may be punished," &c.  Rev. Code, ch. 34, § 53; *The Code,* § 977.

This changes the common law and removes the necessity of a prior conviction and sentence of the principal felon, but has no application to cases in which the principal felon has been tried and acquitted. *State* v. *Ludwick,* Phil. Law, 401. And we are met in the case before us by the question, has Thrasher charged as the principal felon, been *tried* and *acquitted?*  If he has been tried for and acquitted of the crime for which the defendant Jones is indicted as accessory before the fact, then the latter cannot be convicted. Thrasher, the alleged principal, has been indicted for that crime.  Has he been tried and acquitted?  We think not.  The Court did not have the power to change the indictment so as to charge an offence entirely different and calling for a punishment entirely different from and not included in that passed upon by the grand jury, and no submission or consent on the part of the principal felon charged could give jurisdiction to the

Court in the absence of an indictment by a grand jury to punish at all, nor did the Court have the power to change the indictment. A new and different bill might have been found by the grand jury, if the evidence warranted it, but there was no power in the Court to change the indictment returned into Court by the grand jury; and the submission and sentence were not warranted by law and were null.

Upon an indictment for *arson*, charging the wilful and felonious burning of the dwelling house of A., could the defendant be convicted of the misdemeanor of "attempting to burn a store"? Or upon a charge for the latter could he be convicted of the former? That would be the legal criterion by which a plea of former acquittal or former conviction would be decided for or against the principal if he were on trial. *State* v. *Jesse,* 2 D. & B., 297 ; *State* v. *Revels,* Busb. Law, 200.

No consent of the prisoner can confer a jurisdiction which is denied to the Court by the law, and any punishment imposed other than that prescribed for the offence is illegal. *In re Schenck,* 74 N. C., 607.

In Bishop on Criminal Procedure, section 293, it is said to be "a proposition to which there is perhaps no exception, that whatever is necessary as a guide to the Court in pronouncing the sentence must be alleged in the indictment." And it might be added, ordinarily this must be done by the grand jury.

"It may be generally said," says Wharton on Crim. Law, § 565, "that the fact that the two offences form part of the same transaction is no defence when the defendant could not have been convicted at the first trial on the indictment then pending of the offence charged in the second indictment." This rule, he says, has some qualification, "as where one of the offences is a necessary ingredient or accompaniment of the other * * * * And it has been ruled in North Carolina that a conviction for larceny barred an indict-

ment for robbery, the goods being the same. But these cases cannot be sustained except on the assumption that on the first trial the defendant could have been legally convicted of the major offence, and that his non-conviction was equivalent to an acquittal. It is clear that after a conviction of larceny on an indictment for larceny there may be a conviction of burglary, so far as concerns the breaking, and in respect to burglarious entries this is the general rule."

A submission to a plea of "guilty of an attempt to burn a store," without any indictment therefor, cannot be " equivalent to an acquittal" of a charge of arson in burning a dwelling for which there is an indictment.

Can the voluntary action of the principal, in pleading guilty to a charge for which he was never indicted, and of a character that could not be included under an indictment pending against him, have any legal validity? Could any lawful judgment, without an indictment, follow such a plea of guilty?

In *State* v. *Lawrence*, 81 N. C., 522, it is said: "The practice settled in this State when a prisoner has been convicted and an illegal sentence pronounced against him, and the case is brought to this Court by appeal or otherwise (in that case by *certiorari* applied for after the defendant had been for some time in the penitentiary serving out the sentence), is to send the case back for such judgment as the law allows." *State* v. *Goings*, 98 N. C., 766; *State* v. *Walters*, 97 N. C., 489.

But how, if he has not been legally tried and convicted at all of the crime for which he is sentenced? *The State* v. *Queen*, 91 N. C., furnishes an answer to this question. In that case the defendant was indicted in the proper form for " the crime of burglary, with intent to kill and murder," and pleaded " not guilty." " The case was submitted to a jury, and while the case was in charge of the jury, the prisoner being at the bar of the Court by his consent and that of the Solicitor for the State, it was ordered that a juror be withdrawn and

a mistrial had, which was done, and the jury discharged from its further consideration."

The defendant then pleaded " guilty of larceny," and was sentenced to imprisonment in the penitentiary for ten years.

The defendant having failed to appeal, after being confined in the penitentiary for some time, applied for a writ of *certiorari,* which was granted, and the Court held that he should be discharged from the penitentiary, but should be remanded to the custody of the Sheriff of Watauga to answer the charge of burglary, for which he had been indicted.

It was said by the Court : " The record presents an anomalous case, * * * * the matter was *coram non judice.* The Judge had no more power to sentence the defendant to imprisonment than any private person in the county."

The Bill of Rights declares that " no person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, presentment or impeachment." And there is no other mode provided in the Constitution for the prosecution of felonies.

The judgment pronounced by his Honor was in contravention of this provision of the Constitution, and was therefore without authority and void.

We think the ruling in that case applies to this, and that Thrasher, charged as principal felon, has never been tried and acquitted, and the fact that though of "weak and infirm mind;" he may be wiser than Queen was, and consent to serve out a term in prison for a minor offence, for which he was never indicted and lawfully convicted or sentenced, rather than undergo and take the chances of a trial for the capital felony for which he was indicted, cannot have any legal force and effect; and, never having been tried and acquitted upon the indictment for arson, the accessory Harrison Jones could be tried, as authorized by § 977 of *The Code,* for the substantive felony with which he was charged.

Affirmed.

STATE *v.* JONES.

SMITH, C. J. (dissenting.) I am unable to concur in the disposition of this case made by the other members of the Court

The principal offender, William Thrasher, was put on trial upon an indictment in which he is charged with the crime of arson, and was allowed to enter the plea of "guilty of an attempt to burn a store," the record stating that the indictment was changed "to charge an attempt to burn a dwelling house," which the plea seems to have been construed as an admission of the charge in that form. In fact no change was made in the form of the indictment, as found by the grand jury, nor could there be.

So understood, judgment was rendered against the accused, imprisoning him in the State prison for the term of seven years, which sentence he is now undergoing.

The defendant is charged with being accessory to the crime of arson, alleged to have been committed by Thrasher, the principal, and upon his trial averred in defence, under the plea of not guilty, this precedent action against Thrasher as in legal effect an acquittal of the charge of arson, and that there could be no accessory to a crime that, under said judicial proceeding, is conceded not to have been committed.

The opinion conceding such to be the consequences of an acquittal denies that what was done was an acquittal in fact, or could legally operate as an acquittal, and that the sentence being unauthorized, was void, and the imprisonment by an arbitrary act of the Court; so that, as I understand, the principal, while he might obtain his enlargement from the illegal imprisonment, may fulfil the term of his sentence, and would then be subject to be tried and convicted of the original felony, and to be punished therefor.

Now the Court evidently deemed the charge of the felony to comprehend the minor and subordinate offence of an attempt to do that which, if done, would have been a consummation of the higher crime charged, and punishable

as such, under the indictment in its present form. Thus the record is made to speak, since there was no alteration in the indictment, and the judgment was pronounced according to the plea and under it.

While in England, for reasons not pertinent to the administration of the criminal law in the United States, a conviction for a misdemeanor under a charge of felony, in which it is included, is inadmissible in the practice there, and is accepted and acted on as a rule in some of the United States still. yet it does not prevail in many others, to-wit: New York, Vermont, New Jersey, Ohio, Arkansas, North Carolina and South Carolina, where, according to Mr. Wharton, "it has been held that the English reason ceasing, the rule itself ceases," and that "in most States the latter position is now established by statute." 1 Whar. Cr. Law, § 400.

Now, while it is by no means clear that the attempt, which in fact must precede the commission of the crime charged, is a severable part of the charge, so as to admit of a conviction therefor, the Court appears to have so considered, and acted according to the record.

If there was error, and no such submission was allowable, still the Court so adjudged, and proceeded to pass judgment. The judicial mind shrinks from the proposition that all this is so absolutely null as to subject the parties executing the sentence to an action, perhaps, and if not, subjecting the accused to be twice punished for one and the same criminal act.

The case of *State* v. *Queen*, 91 N. C., 659, is not a precedent, and it was correctly decided. There was no indictment for larceny in this case, or for an offence in which it could be included, the burglary charged, alleging the breaking, with intent to *commit murder*, and larceny formed no element in it.

The judgment was, therefore, founded upon no indictment, but was merely a naked and unwarranted exercise of

judicial power.   It seems to me that the ruling in the present case strikes a blow at that great principle of personal security which finds its way into all just systems of jurisprudence, that forbids the infliction of punishment a second time for one and the same criminal act.