(No. 20979 ▮▮▮▮▮▮▮▮▮
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL WYHERK, Plaintiff in Error.

*Opinion filed December 17, 1931.*

CHARLOTTE SLAVITT, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, John A. Swanson, State's Attorney, and J. J. Neiger, (Henry T. Chace, Jr., Edward E. Wilson, and Otho S. Fasig, of counsel,) for the People.

Mr. Justice DeYoung delivered the opinion of the court:

Michael Wyherk, Victoria Wyherk, Jennie Carantzalis and Anton Mahinik were indicted in the criminal court of Cook county for causing Sophie Wajnarownski to abort or miscarry. A jury trial resulted in the acquittal of all the defendants, except Michael Wyherk who was convicted and sentenced to the penitentiary. He prosecutes this writ of error.

Sophie Wajnarownski, sixteen years of age, testified that for a period of approximately three months beginning in April, 1930, she lived in the home of Michael Wyherk, the plaintiff in error, at 2601 West Sixteenth street, in Chicago; that during this period she had sexual intercourse with a number of men for hire and paid a part of her illicit earnings to the plaintiff in error and Victoria Wyherk, his wife; that in July she returned to the home of her mother, and on August 20 was examined by a physician; that later, on October 11, accompanied by the plaintiff in error, his daughter, and Mahinik, she went to the office of Jennie Carantzalis, a midwife; that the plaintiff in error asked Mrs. Carantzalis whether she would assist the witness and she answered in the affirmative; that upon further inquiry what the charge would be, the plaintiff in error was told seventy-five dollars; that he replied he had only thirty-five dollars and laid that sum of money on the table; that Mrs. Carantzalis counted the money and left the room stating that she would be ready in ten minutes; that she soon returned, took the witness into an adjoining room and performed an operation upon her by the use of certain instruments; that after the operation she was instructed to take quinine

pills and citrate of magnesia; that these medicines were purchased at a drug store and she was then taken to the home of the plaintiff in error; that on the next day she suffered severe pains and expelled a heavy substance, and that Mrs. Carantzalis called at the home of the plaintiff in error twice to give her treatments. The physician upon whom Miss Wajnarownski called in August testified that he found a leucorrheal discharge in the vagina which might indicate a venereal disease. He requested her to return for further examination but she did not do so. His opinion was that she was pregnant.

Of the four defendants, Jennie Carantzalis and Anton Mahinik appeared as witnesses. The former testified that she had resided in the same neighborhood for twenty-five years, was married, had five children, was a licensed midwife and registered nurse and had an office with a reception room in her home; that on October 11, 1930, Sophie Wajnarownski, accompanied by Mahinik, called at her office and requested an examination; that the witness found Miss Wajnarownski menstruating and the examination was confined to a palpation of the abdomen; that the young woman desired to know whether she was pregnant and her question led the witness to ask how she could be pregnant and menstruate at the same time; that further inquiries by the witness elicited the information that she had consulted a doctor, had lifted heavy articles when her mother moved her home shortly before, had taken pills to relieve her condition, and had expelled a clot; that the witness found no evidence of pregnancy; that the examination she made did not occupy more than ten minutes; that no instrument of any character was used and no operation was performed and that she charged three dollars for her services. Four witnesses testified that Mrs. Carantzalis' reputation for truth and veracity in the neighborhood of her residence was good.

From the testimony of Anton Mahinik it appears that Sophie Wajnarownski worked in his home late in the year

1930; that while she resided there he accompanied her and the plaintiff in error and his daughter to the home of a midwife; that the latter asked Miss Wajnarownski how long her condition had persisted and she answered about two or three months; that the midwife then took her to another room and they returned in about five minutes and that the witness could neither see nor hear what occurred in that room.

The prosecution makes no claim that the plaintiff in error was a principal in the sense that he personally performed an operation to cause Sophie Wajnarownski to abort or miscarry, but it contends that he was an accessory and therefore punishable as a principal notwithstanding the acquittal upon a joint trial of the actual principal. The plaintiff in error, on the contrary, insists that there can be no accessory without a guilty principal and that the acquittal upon a joint trial and on the same evidence of the person charged as principal and of all the persons accused as accessories other than himself is a finding that an essential element of the crime charged was not proved, and that he could not therefore be found guilty either as a principal or as an accessory.

Section 3 of the first division of the Criminal Code (Cahill's Stat. 1931, p. 999; Smith's Stat. 1931, p. 989) provides that "Whoever, by means of any instrument, medicine, drug or other means whatever, causes any woman, pregnant with child, to abort or miscarry, or attempts to procure or produce an abortion or miscarriage, unless the same were done as necessary for the preservation of the mother's life, shall be imprisoned in the penitentiary not less than one year nor more than ten years; or if the death of the mother results therefrom, the person procuring or causing the abortion or miscarriage shall be guilty of murder." By section 2 of division 2 of the Criminal Code (Cahill's Stat. 1931, pp. 1073, 1074; Smith's Stat. 1931, p. 1072), an accessory is defined as "he who stands by, and aids, abets or assists, or who, not being present, aiding,

abetting or assisting, hath advised, encouraged, aided or abetted the perpetration of the crime. He who thus aids, abets, assists, advises or encourages shall be considered as principal, and punished accordingly." The third section (Cahill's Stat. 1931, p. 1074; Smith's Stat. 1931, p. 1073) provides: "Every such accessory, when a crime is committed within or without this State by his aid or procurement in this State, may be indicted and convicted at the same time as the principal, or before, or after his conviction, and whether the principal is convicted or amenable to justice or not, and punished as principal."

The indictment in substance charges that each of the persons accused, unlawfully, feloniously and willfully forced, thrust and inserted a certain speculum, a pair of scissors and other metal instruments, and a certain rubber catheter into the womb of Sophie Wajnarownski, a woman pregnant with child, intending to produce and producing an abortion, recourse thereto not being necessary for the preservation of her life. Before any person could be proved to have aided or abetted in the commission of the crime charged in the indictment, it was essential to establish the *corpus delicti,* which would include proof that Sophie Wajnarownski was pregnant, that one or more persons performed certain physical acts upon her with an instrument or instruments and that an abortion resulted. The allegations of the indictment necessarily involved a guilty principal. Where the principal and the accessory are tried together, the conviction of the principal is essential at common law to the conviction of the accessory. (*Ex parte Bowen,* 25 Fla. 214; *Starin* v. *People,* 45 N. Y. 333; *State* v. *Ricker,* 29 Me. 84; *Karakutza* v. *State,* 163 Wis. 293.) The rule of the common law concerning the effect of the acquittal of the principal is not changed by a statute authorizing the trial of the accessory before that of the principal. (*Bowen* v. *State,* 25 Fla. 645; *Ex parte Bowen, supra; McCarty* v. *State,* 44 Ind. 214; *Reed* v. *Commonwealth,* 125 Ky. 126;

*State* v. *St. Philip*, 169 La. 467; *United States* v. *Crane*, 4 McLean, 317; *State* v. *Jones*, 101 N. C. 719; 1 Bishop on Crim. Law,—9th ed.—sec. 670). A statute providing that an accessory before the fact may be indicted and convicted of a substantive felony whether the principal has or has not been convicted, or is or is not amenable to justice, removes the common law requirement of a prior or simultaneous conviction and sentence of the principal but has no application to a case in which the principal has been tried and acquitted. *State* v. *Jones, supra; Ex parte Bowen, supra; Bowen* v. *State, supra; Pierce* v. *State,* 130 Tenn. 24.

The allegations of the indictment required the State to prove, as one of the essential elements of the crime charged, that some person used the instruments designated intending to cause and causing Sophie Wajnarownski to abort or miscarry. The only person whom the evidence tends to show used those instruments was the midwife, Jennie Carantzalis. The evidence introduced by the State proves that none of the other defendants was present when Miss Wajnarownski was examined in an adjoining room and there is no claim that any defendant, other than Mrs. Carantzalis, had custody of any such instrument or assisted, by its use, in an examination or operation. Jennie Carantzalis denied that she used an instrument in her examination of Miss Wajnarownski or that an operation was performed. The jury evidently believed her testimony for they found her not guilty. If the evidence with respect to Jennie Carantzalis was insufficient to convict, it necessarily failed to prove the plaintiff in error guilty. Without a principal, the plaintiff in error could not be guilty as an accessory, and the verdict, upon legal grounds, cannot be sustained.

The judgment of the criminal court is reversed.

*Judgment reversed.*