(No. 37669.—■■■■■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUDOLPH VEIDT, Plaintiff in Error.

*Opinion filed September 27, 1963.*

JOHN J. COGAN, and BELLOWS, BELLOWS and MAGIDSON, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

A jury in the criminal court of Cook County found the accused, Dr. Rudolph Veidt, guilty of the crime of abortion, and he was sentenced to one to ten years imprisonment in the penitentiary. He seeks a new trial because of these alleged errors: (1) permitting the State to argue that the accused was born in a foreign country; (2) admitting evidence of alleged threats made by defendant's counsel to a prosecution witness following the witness's testimony, and permitting argument to the jury thereon; (3) allowing the State's evidence and argument concerning the physical condition of the prosecutrix and the medical treatment she received, and (4) failure to permit defendant's counsel to reopen his case for the introduction of certain documents which the State had referred to in closing argument.

The proof establishes that the unmarried complainant, Esperanza Perez, and Marvin Young, a married man, had engaged in an intimate relationship over a period of several months as a result of which Miss Perez suspected she was pregnant. Together they visited Dr. Veidt, the defendant, for the purpose of determining complainant's condition. Miss Perez testified the defendant gave her a physical examination, and said he would have to give her a pregnancy

test consisting of a series of three shots; that he subsequently advised her that she was pregnant, and thereafter performed in his office what apparently was an incomplete abortion. As a result of subsequent hemorrhaging, the complainant was taken by her brother-in-law to a hospital where she was examined and treated, and this prosecution ensued.

Marvin Young testified on behalf of the prosecution as to his relationship with complainant, and his conversations with, and payments of money to, defendant. Thereafter, in the courtroom, but in the absence of the jury, defendant's trial counsel (who does not represent defendant on this writ of error but who had earlier represented Young in this proceeding) stated to Young that counsel was going to have Young's father-in-law swear out a warrant for Young's arrest for adultery. The assistant State's Attorney replied that his office prosecuted adultery cases, to which defense counsel responded that the State would not "nolle the case because I will be there and I will have a newspaper reporter with me." Present in the courtroom during this exchange were the prosecutor, defense counsel, defendant, Young and several newspaper reporters. The following day defense counsel recalled Young to the stand for further cross-examination as to any promises or inducements made him by the State. Upon re-direct examination by the People and over objection, Young related the statement made by defense counsel at the termination of Young's testimony on the preceding day. In closing argument the assistant State's Attorney also commented upon the statement, asking the jurors if they believed it fair to tell Young that he was going to be arrested, asked the jurors why defense counsel should do this, "What is he [defense counsel] afraid of?", and stating "Let him [defense counsel] take the stand and testify."

The State seeks to justify the introduction of this testimony and the subsequent comment upon it by citing decisions holding admissible, as indicating a consciousness of

guilt, evidence of attempts to intimidate or induce witnesses to remain silent or testify falsely, and this is unquestionably the rule. (*People* v. *Gambony,* 402 Ill. 74, 80; *People* v. *Spaulding,* 309 Ill. 292, 306.) The difficulty here lies in the fact that the statements of counsel to the witness occurred after the witness had testified, and there is no indication of any attempt to silence the witness prior to his testifying. The reason for the rule permitting proof of intimidation, bribery and related acts—that they demonstrate defendant's consciousness of his guilt manifested by his attempt to prevent or influence the witnesses' testimony—is completely absent where the testimony has already been completed before the acts occur. Permitting the People to introduce proof of the statements by defense counsel made at the conclusion of Young's testimony was error, the only effect of which was to prejudice defendant's counsel in the minds of the jurors, particularly when the emphasis placed upon this evidence in the People's closing argument is considered. While we deem the timing of the statements sufficient reason for their rejection, were our opinion on this score otherwise, we recognize some question as to whether they were sufficiently within the scope of the authority conferred by defendant to charge him therewith. II Wigmore on Evidence, 3rd ed., sec. 280(2).

The State urges that the People's evidence in this case is so conclusive that defendant could not have been prejudiced by the testimony erroneously admitted. While the complainant and Young were positive in their testimony, and the evidence is certainly sufficient to sustain a verdict under normal circumstances, we cannot say it is so conclusive that the jury could have reached no other result. Defendant admitted examining complainant and giving the shots testified to by her, but he steadfastly denied any further contact with her, and a number of witnesses testified to his good character and reputation in the community.

The People also seek to justify the introduction of the testimony as having been provoked by the conduct of defense counsel during the trial. We agree that many unnecessary objections, comments and motions were made by the defense, but such conduct, while irritating to the court and opposing counsel, does not render inadmissible evidence competent.

Since this case must be remanded, and the defendant has here argued against the admissibility of certain evidence relating to the treatment and care given to complainant following her admission to the hospital, we have considered his objections. The complaint of the defendant pertains to the action of the trial court in permitting the People to prove that the prosecuting witness was given 2 pints of blood, a shot, 4 pills, intravenous fluids and medication following her removal to the hospital, and defendant argues that the only purpose of the testimony was to elicit sympathy for the complainant and inflame the jury against the defendant. Proof of the dilatation and curettage performed to empty the womb, and of the operative procedure necessary to remove the tissue subsequently identified as placental tissue, was in our opinion properly made as relevant to the question of whether complainant had been pregnant and whether an abortion had been performed. Evidence relating to the transfusions and medication given to control the bleeding tended to corroborate the complainant's testimony as to her loss of blood following the attempt to procure an abortion allegedly made by the defendant and we find no error in the admission of this testimony. (*People* v. *Khamis,* 411 Ill. 46; *People* v. *Peyser,* 380 Ill. 404.) Having been properly admitted, it was subject to legitimate comment in closing argument.

The alleged errors relating to denial of defendant's motion to reopen his case, and the prosecutor's comment in closing argument that the defendant had been born in a

foreign county, will presumably not reoccur, and we need not consider them.

The judgment of the Cook County criminal court is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*