STATE v JOHN LAWRENCE.

*Criminal Procedure—Writ of Error—Certiorari—Indictment —Joinder of Counts—Larceny and Receiving—General Verdict—Punishment.*

1. The writ of error in criminal cases does not obtain in this state. The only relief which a person convicted in an inferior court can obtain from a court of supervisory jurisdiction is by appeal, or by *certiorari* as

a substitute therefor where, without laches, he has lost his right of appeal.

2. Where a prisoner has been properly convicted but illegally sentenced, and the case is brought to this court by appeal or otherwise, and judgment reversed, he is not entitled to a discharge, but the case will be sent back to the court below for such judgment as the law allows.

3. Where the grade of a common law offence has been made higher by statute, the indictment must conclude against the statute, but when the punishment has been mitigated, it may conclude at common law.

4. A count for the larceny of a horse, concluding at common law, may be joined with a count for the statutory offence of receiving the same ; and the indictment thus drawn will warrant a general verdict of guilty.

5. Upon such a conviction the punishment should not exceed ten years' imprisonment.

(*State* v. *Sue,* Conf. Rep., 55 ; *State* v. *Cook,* Phil., 535 ; *State* v. *Speight,* 69 N. C., 72 ; *State* v. *Baker,* 70 N. C., 530 ; *State* v. *Bailey,* 73 N. C., 70 ; *State* v. *Brite, Ibid.,* 26 ; *State* v. *Johnson,* 75 N. C.. 123 ; *State* v. *Ratts,* 63 N. C., 503 ; *State* v. *Kent,* 65 N. C., 311 ; *State* v. *McDonald,* 73 N. C., 346, cited, commented on and approved.)

PETITION for a *Certiorari* filed and granted at June Term, 1879, of THE SUPREME COURT.

The defendant was indicted for larceny and receiving, &c., and tried at spring term, 1876, of COLUMBUS superior court, before *McKoy, J.*

In his petition for a *certiorari,* the defendant says he was convicted of horse stealing and sentenced to the penitentiary for twenty years, and in pursuance of the judgment of the court, he has ever since been confined therein; that he is advised the said judgment is contrary to law, in that the first count of the bill of indictment concludes at common law, whereas he was sentenced to twenty years in conformity with the statute, and that there was another count in the bill for receiving said horse, &c.; that there was a general verdict of guilty upon the indictment, it not appearing from the verdict whether he was found guilty of the larceny or the receiving, in which latter case he is advised that he could

only be sentenced for ten years; and that the judgment should have been arrested. The petitioner further states that after the trial he was conveyed to the penitentiary where he has ever since remained in close confinement, by reason of which and of his extreme poverty, he has not heretofore been able to invoke the aid of this court to review the record in his case.

*Attorney General,* for the State.
*Messrs. Hinsdale & Devereux,* for the defendant.

ASHE, J.   This case was brought from the superior court of Columbus county by *certiorari* in nature of a writ of error to review the judgment pronounced upon the defendant in a criminal action against him, tried in that court at spring term, 1876.

The defendant was indicted for stealing a horse, and the bill of indictment contained two counts: first, for stealing the horse; and second, for receiving the same knowing it to have been stolen. The first count concluded at common law and the second against the statute. The jury returned a general verdict of guilty, and the defendant was sentenced to twenty years' imprisonment at hard labor in the state's prison.

He alleges in his petition for the *certiorari* that he has been kept in the penitentiary in close confinement ever since his conviction, and in consequence thereof together with his extreme poverty he has been unable till now to invoke the aid of this court. He insists through his counsel that the sentence pronounced upon him in the superior court of Columbus county was not authorized by law, and that the judgment below should be reversed; and then, as the *certiorari* is to be treated as a writ of error, he must be discharged; or, if it shall have the effect to give him a new trial, that he

will be entitled to his discharge upon the ground that no person can be put twice in jeopardy of life or limb.

We do not think there is any force or application in these propositions; for the writ of error in criminal cases does not obtain in this state. The only relief which a person convicted in an inferior court can obtain from a court of supervisory jurisdiction, is by appeal or by a writ of *certiorari* as a substitute therefor, where by any means otherwise than by his own default, he has been deprived of the right of appeal. And as to the second proposition we do not see in the view we take of the case how that question can arise. In no event will the defendant be entitled to his discharge. The practice settled in this state, where a prisoner has been convicted and an illegal sentence pronounced against him and the case is brought to this court by appeal or otherwise, is, to send the case back for such judgment as the law allows. *State* v. *Sue*, Conf. Rep., 55; *State* v. *Cook*, Phil., 535.

Was the sentence in this case illegal?

The receiver of stolen goods knowing them to be stolen, by section 55, section 32, of Battle's Revisal, is punishable as one convicted of larceny. By section 25 of the same chapter, the distinction between grand and petty larceny is abolished, and the offence of felonious stealing is to be punished as petty larceny. And petty larceny by section 29 of the same chapter is punished by imprisonment in the state's prison (or county jail) for not less than four months nor more than ten years. So that, larceny and receiving stolen goods knowing them to be stolen, are subject to the same punishment. And by the act of 1874–'75, ch. 62, it is provided that the defendant may be charged in the same indictment in several counts with the separate offences of receiving stolen goods knowing them to be stolen, and larceny. But before the passage of this act, it was held by this court that it was competent to join these offences in the same indictment, because they were offences of the same grade and

the punishment was the same. *State* v. *Speight,* 69 N. C., 72; *State* v. *Baker,* 70 N. C., 530; *State* v. *Bailey,* 73 N. C., 70; *State* v. *Brite, Ibid.,* 26.

It is however insisted in this case that by section 17 of chapter 32 of Battle's Revisal, the punishment for stealing a horse is increased from the maximum of ten, to twenty years, and that the punishment being different from that prescribed for receiving stolen goods knowing them to be stolen, they cannot be joined. *State* v. *Sheppard Johnson,* 75 N. C., 123. That would be true if the first count in this indictment had concluded against the form of the statute, as in that case (*Johnson's*), but it concludes at common law by which it was punished with whipping, imprisonment or other corporal punishment. But whipping has been abolished by the 'constitution, and imprisonment in the state's prison substituted for it by section 29, chapter 32, of Battle's Revisal. So that, one convicted on an indictment for stealing a horse concluding at common law, is punished the same as one convicted of receiving it knowing it to have been stolen.

If this were an open question, we perhaps might come to a different conclusion; but it has been settled by several decisions of this court. See *State* v. *Ratts,* 63 N. C., 503, where it is held that when the offence at common law is made an offence of a higher nature by statute, the indictment must conclude against the statute; but when the punishment is not increased but mitigated, it need not conclude against the statute; and that the substitution of imprisonment in the state's prison for whipping is a mitigation, and the indictment concluding at common law, the defendant was subject to the punishment prescribed in said section 29; and the decision in this case has been recognized and expressly approved in the cases of *State* v. *Kent,* 65 N. C., 311, and *State* v. *McDonald,* 73 N. C., 346.

We are therefore of the opinion that under the law estab-

lished by this court, construing the various statutes upon' this subject, His Honor in the court below had no authority for inflicting a punishment of twenty years imprisonment upon the defendant, and that the sentence was illegal and should not have exceeded ten years.

The judgment pronounced by the court below must be reversed and the case remanded to the superior court of Columbus county that the defendant now confined in the state's prison may be brought before that court upon a writ of *habeas corpus ad subjiciendum,* to the end that the proper judgment upon the verdict agreeably to this opinion and the law of the state, may be pronounced upon him.

PER CURIAM.                                    Error.