STATE v. CRAWFORD WALTERS.

*Punishment— Certiorari—Bail.*

1. Where a statute provides that a party guilty of the offence created by it, shall be fined *or* imprisoned, the Court has no power to both fine and imprison.

2. The word " or," in criminal statutes, cannot be interpreted to mean " and," when the effect is to aggravate the offence, or increase the punishment.

3. Where a defendant has lost his appeal, but is granted a writ of *certiorari* in *lieu* thereof, the granting of the writ has the effect of an appeal as to a stay of execution, and if the offence be bailable, he is entitled to bail.

(*State* v. *Kenny*, 1 Hawks, 53; *State* v. *Mitchell*, 5 Ired., 350; *State* v. *Lawrence*, 81 N. C., 522; *State* v. *Swepson*, 82 N. C., 541; cited and approved).

APPLICATION for a *certiorari* as a substitute for an appeal from a judgment of *Clark, Judge,* at March Term, 1887, of COLUMBUS Superior Court.

*The Attorney-General,* for the State.
*Messrs. George V. Strong, E. R. Stamps* and *R. T. Gray,* for the defendant.

MERRIMON, J. The defendant was convicted of the offence of slandering an innocent woman, in violation of the statute (*The Code,* §1113), which prescribes, that " every person so

offending, shall be guilty of a misdemeanor, and fined *or* imprisoned, in the discretion of the Court." The Court gave judgment that the defendant be imprisoned for the term of twelve months, *and* fined the sum of one thousand dollars."

It is insisted that this judgment is erroneous, and we are clearly of that opinion. The statute in plain and positive terms, prescribes that the punishment in such cases shall be a fine *or* imprisonment—either, but not both. There is nothing in its terms, or phraseology, as it appears in *The Code,* or in it as originally enacted (Acts 1879, ch. 156), that affords ground for interpretation, and we suppose that the learned Judge who gave the judgment inadvertently failed to notice that the terms of the statute prescribing the punishment, are only in the alternative. Moreover, it may be added, that the word "or," in criminal statutes, cannot be interpreted to mean "and," when the effect is to aggravate the offence, or increase the punishment. If there be reasonable doubt, the accused party is entitled to the benefit of the doubt. This is the rule of justice as well as mercy. *State* v. *Kenny,* 1 Hawks, 53 ; *State* v. *Mitchell,* 5 Ired., 350.

There is therefore error, and the judgment must be reversed, and judgment entered against the defendant according to law.

It appears that the defendant took an appeal from the judgment mentioned and referred to above, but he failed to perfect the same, and hence it failed. At the present Term, he applied for the writ of *certiorari* as a substitute for the appeal lost, and it was allowed, and thus the case is in this Court. As the appeal was not perfected, the defendant was committed to jail in execution of the judgment, and is now in prison. His counsel insists that as the writ of *certiorari* has been so allowed, he is not now in jail in execution of the judgment, and he has the right, as he is charged with a bailable offence, to give bail and be at large, pending the case in this Court.

The statute (Acts 1887, ch. 191, §1) above cited, while pro-
viding that an appeal in criminal actions shall not have the
effect of vacating the judgment appealed from, further pro-
vides, that upon perfecting the appeal as now required by
law, either by giving bond, or in *forma pauperis,* " there shall
be a *stay of execution,* during the pendency of the appeal."
So that, if the appeal taken had been perfected, the defend-
ant would have been entitled to have bail during its pend-
ency.   The writ of *certiorari* is in *lieu* of and a substitute for
the appeal, and only serves that purpose.   The appeal hav-
ing been lost, the case could have been before this Court
for the correction of errors, only by and through the writ of
*certiorari,* employed as such substitute.   *The Code,* §§544,
1234; *State* v. *Lawrence,* 81 N. C., 522; *State* v. *Swepson,* 82
N. C., 541.   It must, therefore, be treated as having the effect
of an appeal as to the stay of execution—certainly from the
time it was granted.

The obvious intent of the statute is, that the execution
shall be stayed until opportunity shall be afforded according
to law to have alleged errors corrected by this Court.   In
cases like this the writ of *certiorari* would poorly serve the
purpose of a substitute for an appeal, if it failed to so ope-
rate as to stay the execution.   Indeed, in some cases, it would
prove utterly futile, because, pending the case in this Court,
the judgment might be completely executed.   The law does
not contemplate or allow such an unjust and unreasonable
state of things to come about in the course of procedure.
The execution is stayed as indicated, and the defendant is
entitled to give bail, if he can do so, according to law, for
his appearance at the next term of the Superior Court of
the county of Columbus, to the end that that Court may
enter such judgment against him in this action as the law
allows.

Let this opinion be certified to the Superior Court, accord-
ing to law.   It is so ordered.

Error.                                    Reversed.