The Code, section 1177, excepts from the two years statute of limitation, perjury, forgery, malicious misdemeanors, and deceit. There has never been such an indictable offense as "deceit," but the meaning of this section has always been that misdemeanors, the gist of which was malice or deceit, are within the exception. In S. v. Christainbury,44 N.C. 46, it was held that there being no such offense as "deceit," it would apply to "cheating by false token" of which deceit was the gist, but would not include "conspiracy to cheat" "the gist of (1057) which offense is the conspiracy and the cheating but an aggravation." That decision did not restrict deceit to "cheating by false token," but instanced that as an offense coming within general *Page 619 
description of misdemeanors by deceit. The statute against seduction under promise of marriage (Laws 1885, ch. 248) had not then been enacted. In S.v. Horton, 100 N.C. 443, 449, Smith, C. J., says, that this statute "plainly contemplates a seduction, brought about by means of a promise of marriage, in the nature of deceit." Indeed deceit is the very essence of this offense, the warp and woof of it, so to speak. There is more warrant for so holding it than the court had for placing cheating by false token under that head, for this offense is perpetrated solely by reason of the trust and confidence placed in the perpetrator by the woman in consequence of the intimate relation existing between them and relying on the promise of marriage by means of which he procures the indulgence of his desires. In cheating by false token there is not this dependence and breach of confidence and trust.
The Attorney-General properly conceded that this crime would not have come under the other exception in this section, "offenses committed in a secret manner." That clearly applies to crimes committed in such manner that offender is unknown to the person injured.
Laws 1891, ch. 205, defining felonies and misdemeanors, makes this offense, if committed since the act, a felony as to which there is no statute of limitation. But that act does not apply to this offense which was committed prior to its enactment.
When there is a prayer to put the charge in writing the entire charge must be written. S. v. Young, 111 N.C. 715; but as was said bySmith, C. J., in Currie v. Clark, 90 N.C. 355, 361, "it is not the policy or purpose of the statute, nor does the language bear (1058) such rigorous construction as to forbid any and all oral expressions from the presiding judge. This would be to subordinate substance to form and subserve no useful purpose." The defendant prayed the court to instruct the jury that the offense was barred by the statute of limitations. This the court declined, but orally told the jury instead, "The statute of limitations has nothing whatever to do with this action and you will not take it into consideration." The defendant has the full benefit of the exception that the prayer was refused and has not cause to complain that the judge did not write down the incidental oral remark.
Nor was there error in refusing to give the definition of an innocent and virtuous woman asked by the defendant. The law looks at conduct, and motive only as shown by conduct, and not at thoughts undisclosed and natural impulses not acted on. The precedents sustain the definition given by the Court that an innocent and virtuous woman is one "who has never had illicit intercourse with any man and who is chaste and pure." S. v.Ferguson, 107 N.C. 841. The court properly refused to go farther and charge that the prosecutrix must have had "a mind free from lustful and lascivious desires." *Page 620 
The court erred, however, in imposing both fine and imprisonment. The act (1885, ch. 248) provides that the defendant upon conviction of the offense "shall be fined or imprisoned at the discretion of the court and may be imprisoned in the penitentiary not exceeding five years." The disjunctive "or" cannot be construed "and" in a criminal statute when the effect is to aggravate the offense or increase the punishment.S. v. Walters, 97 N.C. 489. The latter part of the clause "and may be imprisoned in the penitentiary," etc., means "and if the alternative of imprisonment is selected by the judge, the imprisonment in (1059) his discretion may be in the penitentiary, not exceeding five years.
This, however, does not entitle the defendant to a new trial, but the case will be remanded that sentence may be imposed at the next term of Catawba Superior Court in conformity to this opinion. S. v. Walters, supra;S. v. Lawrence, 81 N.C. 522; S. v. Queen, 91 N.C. 659. The verdict stands. His Honor holding the court below will in the exercise of his discretion, within the limits allowed by law, impose either fine or imprisonment.
Error. Remanded.
Cited: S. v. Austin, 121 N.C. 622; S. v. Dewey, 139 N.C. 566; S. v.Whitley, 141 N.C. 825; S. v. Black, 150 N.C. 857.