STATE v. JOHN A. AUSTIN et al.

*Indictment for Forcible Trespass—Indictment, Sufficiency of—Convicted Criminal—Unauthorized Sentence by Court.*

1.  By Section 3 of Chapter 397, Acts of 1897, relating to Yancey County and other counties, it is provided that "no convicts shall be hired, sent or sentenced by any Court to work outside of their respective counties," while, by Chapter 501, the Commissioners of Yancey County are authorized to hire male convicts to adjacent counties to work on the public roads; *Held*, that the sentence by the Judge of the Superior Court of Yancey County, ordering a convict to work on the public roads in another County, was unauthorized and illegal.

2.  It is not necessary to allege in a bill of indictment for forcible trespass that the prosecutor at any time forbade the defendant to enter upon the land or that he was put in fear, and thus failed to forbid such entry, by reason of the great numbers or by the force manifested.

INDICTMENT for forcible trespass, tried before *Adams, J.,* and a jury at Spring Term, 1897, of YANCEY Superior Court.   The indictment was as follows:

"The jurors, &c., present that John A. Austin, H. L. Austin, late of Yancey County, on the first of December, 1896, with force and arms, &c., unlawfully and wilfully, forcibly, violently and with a strong hand did enter upon the premises of W. N. Phillips, and did there remain for a long space of time, *to-wit*: 30 minutes, cursing, abusing and assaulting the said W. N. Phillips and Hettie Phillips, with a rock weighing two pounds, and by rocking the house of said W. N. Phillips, the said W. N. Phillips being then and

there present in the actual possession of said premises, against the form of the Statute, &c."

Defendants moved to quash the indictment on the following grounds:

1. For duplicity, in that the bill charged an assault upon W. N. Phillips and Hettie Phillips.

2. For that it charged an abuse to real property.

3. For that it charged a forcible entry upon real property.

The Solicitor stated that he elected to try and would try upon said bill as a bill for forcible trespass. Thereupon, defendants moved to quash the bill as a bill for forcible trespass, for that the allegations in the bill were not sufficient to constitute the offence, and that the same did not allege that the prosecutor at any time forbade the defendants or either of them to enter, and that the bill failed to allege that by reason of the great numbers or by the force manifested he was put in fear, and for that reason failed to forbid said entry.

The motion was overruled. There was a verdict of guilty, and the judgment rendered was as follows:

"It is ordered that Henry Austin go to the public roads of Buncombe County for 12 months. As to John A. Austin it appearing to the Court that this defendant at this term of the Court has been convicted for committing an assault with a pistol, and it further appearing that he is a notorious violator of the law and is a man of desperate character, the forcible trespass consisting in rocking a man's dwelling at night, the judgment of the Court is that this defendant go to the public roads of Buncombe County for three years."

From this judgment the defendants appealed.

*Mr. Zeb. V. Walser, Attorney General* and *Mr. J. T. Perkins,* for the State.

*Mr. E. J. Justice,* for defendants (appellants).

FAIRCLOTH, C. J.:  The defendants were tried and convicted in the Superior Court of *Yancey* County, of a forcible trespass committed in said County.  The sentence was that defendants go to the public roads of *Buncombe* County for the time specified in the judgment.  The defendants appealed from the judgment on the ground that the Judge could not send them to work on the roads in another County.

The Act of 1897, Chapter 397, clothes the County Commissioners of Yancey County, and some others, with ample authority to work or hire out convicts of such Counties to work on roads and streets or any other work to save cost by requiring the convicts to work out fine and cost.  Section 3: "That no convicts shall be hired, sent or sentenced by any Court to work outside of their respective Counties." The Act of 1897, Chapter 501, authorizes the Commissioners of Yancey County to work on the public roads any male person convicted of a misdemeanor and committed to the county jail, or hire said convicts to adjacent counties to work on public roads.  From these Statutes it is patent that the Judge could not sentence these convicts to work on public roads, &c., in Buncombe County.  He can only impose a fine or imprisonment in the county jail, and the Commissioners of Yancey are thereupon authorized by said Acts to make such arrangements as they may deem proper within the scope of said Statutes.  The sentence was, therefore, illegal.  The judgment is, therefore, reversed and the case sent back to the Court below for such judgment as the law allows.  *State* v. *Lawrence*, 81 N. C., 522; *State* v. *Crowell*, 116 N. C., 1052.  The motion to quash is without merit.

Remanded.