### STATE v. CHARLES HAMBY.

(Decided April 10, 1900.)

*Carrying    Concealed    Weapon—Presumption—Rebuttal—*
*Cumulative Senlence—Excessive Punishment.*

1. The fact that defendant had a pistol about his person, off of his
   own premises, was *prima facie* evidence of concealment, which
   shifted the burden upon the defendant to rebut or disprove.

2. A cumulative sentence, as where a defendant is convicted of sev-
   eral offenses at the same term, and receives a separate sentence
   of imprisonment for each—one to begin after the conclusion
   of the other—is valid.

3. A sentence to work the public roads of another county is valid
   when authorised by statute.

INDICTMENT for carrying a pistol about the person off of defendant's own premises, tried before *Shaw, J.,* at Fall Term, 1899, of Wilkes Superior Court. The defendant was convicted. The evidence showed circumstances of great aggravation, including a murderous assault. The defendant had been convicted in another case, No. 259, at the same term of the court, and sentenced to imprisonment. The judgment in the present case was: That defendant be confined in the common jail of Wilkes County for the term of two years, and assigned to work on the public roads of Forsyth County; the term of this sentence to begin at the expiration of the sentence in No. 259.

From this judgment the defendant appealed to the Supreme Court. The exceptions are stated in the opinion.

*Mr. Attorney-General,* for the State.
No counsel for defendant.

CLARK, J. The defendant was convicted in Wilkes Superior Court of carrying a concealed weapon, and sentenced

to be "confined in the common jail of Wilkes County for the term of two years, and assigned to work on the public roads of Forsyth County, the term of this sentence to begin at the expiration of the sentence in Number 259." (Which was another conviction of the defendant at the same term.)

The first exception is that the Court instructed the jury that "if they were satisfied beyond a reasonable doubt that the defendant had the pistol about his person, and was off his own lands, such possession was *prima facie* evidence of its concealment, and it would then be incumbent upon the defendant to rebut the presumption of criminal intent, and to do this he could rely upon the evidence of the State." This follows the language of the statute, The Code, sec. 1005; *State v. McManus,* 89 N. C., 555; *State v. Brown,* 125 N. C., 704. In many other instances, murder among them, upon proof of a certain state of facts, a legal presumption arises which the burden is shifted upon the defendant to rebut or disprove.

The second exception that the punishment is cruel and unusual is without merit. In view of the circumstances detailed in the evidence, and set out by the Judge as ground for the sentence (as was admissible—*State v. Wilson,* 121 N. C., 650), the sentence did not err on the side of severity. *State v. Apple,* 121 N. C., 584; *State v. Haynie,* 118 N. C., 1265; *State v. Miller,* 94 N. C., 904; *State v. Pettie,* 80 N. C., 367.

The third and last exception is that the sentence is made to begin on the expiration of another sentence imposed on the defendant. This practice, called "cumulative sentences" is not unusual on the circuit, and is not contrary to any principle of law. It is in conformity with the settled criminal practice in England, and most of the States. Where a person is convicted of several offenses at the same time he

may be sentenced to several terms of imprisonment or penal servitudes, one after the conclusion of the other. 1 Bishop New Crim. Law, sec. 953; 4 A. and E. Enc. (1st Ed.), 953; 1 Russell Crimes (5th Ed.), 82; 1 Bishop Cr. Proc. Secs. 1326, 1327, and the numerous cases cited by each. If this were not so, a person could not be punished for an offense committed while undergoing punishment unless the trial were postponed till its expiration. Our statute does not expressly require sentences to begin *in presenti,* and it ought not to be so construed where no present effect can be given to such sentence by reason of another subsisting judgment of imprisonment. "To hold that where there are two convictions and judgments of imprisonment at the same term, both must commence immediately, and be executed concurrently, would clearly be to nullify one of them. To postpone judgment in one case till the termination of the sentence in the other would, if allowable, be attended with obvious inconvenience and expense, without any corresponding benefit to the convict." *Williams v. The State,* 18 Ohio St., 46. "A sentence to a term of imprisonment, to commence from and after the expiration of a former sentence is legal; and if the former sentence is shortened by a pardon, or by a reversal on writ of error, it expires, the succeeding sentence immediately then takes effect, as if the former had expired by lapse of time." *Kite v. Commonwealth,* 52 Mass. (11 Met.), 581. Indeed, this is the universally recognized practice, founded upon reasons above given, except in a very few States, where the peculiar wording of the statute forbids this course.

It should be noted that there is a difference between "cumulative sentences," such as are pronounced upon a person under conviction at the same time of several offenses, and "cumulative punishment" which is an increased punishment inflicted for a second or third conviction under "Habitual Criminals" Acts. 8 A. and E. Enc. (2d Ed.), 480, note.

STATE *v.* HAMBY.

The sentence, the conviction being in Wilkes Superior Court, to work the public roads of Forsyth, is authorized by sec. 9, chap. 581, Laws 1899, upon certain pre-requisites, which are presumed to have been complied with, in favor of the regularity of judicial proceedings, *"omnia presumuntur rite acta."* *State v. Hicks,* 101 N. C., 747. Besides there is no exception on that ground. The case differs from *State v. Austin,* 121 N. C., 620, in that the act there forbids the working of the convicts on public roads outside the county, and here the act authorizes it. The legality of working prisoners on the public roads has been often held. *State v. Weathers,* 98 N. C., 685; *State v. Haynie,* 118 N. C., 1270; *State v. Hicks, supra.*

The defendant appealed in three cases, all from same term of court, but gave no appeal bond, and obtained leave to appeal without bond in this case only. The other two appeals have consequently been dismissed, for "each tub must stand on its own bottom." If appeal bonds had been given the bond in any one case would have been liable only for the costs in that case, and when leave is given to appeal without bond it is not *pro forma,* but must be for good reasons, assigned upon affidavit and certificate (both often given too lightly) applicable to that case alone.

No error.