STATE v. W. P. BLACK.

(Filed 21 May, 1909.)

1. **Cities and Towns—Police Courts—Excessive Sentence—Appeal and Error—New Trial—Procedure—Remand—Resentence.**

   A defendant is not entitled to a new trial upon appeal by reason of a sentence of punishment imposed by a police justice of a city greater than that authorized for the offense committed. The procedure would be to remand the case for resentence in conformity with law.

2. **Misdemeanor—Disorderly Houses—Common-law Offense—Cities and Towns—Void Ordinance.**

   A city ordinance, without statutory authority, which covers acts that are misdemeanors at the common law and punishable under the criminal laws of the State, and which imposes a greater penalty for their violation, is void.

3. **Misdemeanor—Disorderly Houses—Common-law Offense—Asheville Charter, Interpretation of.**

   The common-law offense of keeping a disorderly house is not repealed, in reference to the city of Asheville, by its charter (chapter 100, Private Laws 1901, sec. 77).

APPEAL from police justice's court, tried, *de novo,* before *Ward, J.,* and a jury, at November Term, 1908, of BUNCOMBE.

*Attorney-General* for the State.

*W. P. Brown, Thomas Settle* and *Davidson, Bourne & Parker* for defendant.

CLARK, C. J. The defendant was convicted in the police court of Asheville for keeping a disorderly house, and appealed to the Superior Court. Upon a trial *de novo* he was found guilty by a jury and sentenced to twenty-two months' imprisonment. He presses but one ground of appeal in his brief, which is that, by the charter of Asheville (Private Laws 1901, ch. 100, sec. 77), keeping a disorderly house in that city is a misdemeanor, punishable by a fine not exceeding fifty dollars or imprisonment not exceeding thirty days.

If this exception were well taken, the defendant would not be entitled to a new trial, but to be remanded for resentence in

conformity to law.  *State v. Lawrence,* 81 N. C., 522; *State v. Crowell,* 116 N. C., 1052; *State v. Austin,* 121 N. C., 622.

If this had been an ordinance of the city it would be void, because it covers the same acts as are a misdemeanor at common law and punishable under the criminal law of the State.  *State v. McCoy* (from Asheville), 116 N. C., 1059, and cases there cited.

The offense for which the defendant was tried is an offense at common law and has not been repealed.  The charter of Asheville (section 77 of chapter 100, Private Laws 1901) does not purport to repeal it.  Its object was evidently to make it an offense against the city, in addition to being an offense against the general law of the State.  Doubtless the idea was that it might thus be dealt with more promptly and efficiently than in the Superior Court, where the jurisdiction then lay.  But there are no words in said section 77 indicating an intention to repeal it as a common-law offense within the limits of Asheville.  It remained, as before, a common-law offense throughout the State. The defendant was tried and convicted under the common law. The above section (77), if valid, was not pleaded below or relied on either by the State or the defendant, and its validity is not presented.

No Error.