STATE v. R. E. COLEMAN.

(Filed 3 December, 1919.)

1. **Appeal and Error—Objections and Exceptions—Instructions—Contentions.**

　　Objection to a statement by the judge of the appellant's contention as being incorrect, should be made at the time, or an exception thereto will not be considered on appeal. In this case it is held that the statement, "he stated on the stand he was going for liquor," is substantially the same as "I thought we were going after liquor."

2. **Appeal and Error—Objections and Exceptions—Criminal Law—Legal Principles.**

　　Exceptions that the judge should have instructed the jury upon the defendant's contentions on trial for violating the prohibition law, after he had stated them, is without merit when there is no legal principle

involved beyond the doctrine of reasonable doubt, on which the judge correctly charged; and an error in an instruction upon a count in the indictment, on which the defendant was acquitted, is rendered harmless by the verdict.

### 3. Intoxicating Liquors—Criminal Law—Transporting—Statutes.

A conviction for the unlawful transportation of liquor, chapter 97, Laws 1913, cannot be sustained when the defendant was transporting his own liquor, but not for the purpose of sale, and only gave the package to his companion to take a drink.

### 4. Criminal Law—Indictment—Counts—Verdict—Appeal and Error—New Trial.

A general verdict of guilty upon several counts of an indictment will apply to each count, and when error has been committed as to some, the verdict will stand as to the others, and a new trial will not be granted.

CLARK, C. J., concurring in result.

APPEAL by defendant from *Harding, J.,* at the August Term, 1919, of BURKE.

This is a criminal action, and from the judgment upon the verdict the defendant appealed to this Court.

The indictment, upon which he was tried, charged:

(1) Possession of liquor with the purpose of sale.

(2) Receipt of more than one quart at a time.

(3) Receipt of more than one quart at a time in a single package.

(4) Transportation of the liquor.

The defendant was convicted on the last three counts, and acquitted on the first.

The evidence of the State tended to show that the defendant, on the night of 13 June, 1919, drove the witnesses Scott and Ervin, in his automobile, out south about three miles from Morganton; that after arriving at his point of destination, he left the other two in his car, while he, taking a suitcase with him, went off into the woods; that in about ten minutes he returned, having a gallon jug of corn whiskey in the suitcase; that on the way back to Morganton he handed the jug to Scott to take a drink, and while he was trying to withdraw the stopper the officers came up and arrested them.

The evidence for defendant was that Scott bought and received the liquor and not the defendant.

To the following instructions of the court the defendant excepted:

"The State contends if it has failed to satisfy you that he was the man that got the liquor, wherever it was, and failed to satisfy you he actually received it in his possession, the State contends that he was guilty of transporting it from a point within North Carolina to some other point to some person more than a quart of liquor. The State contends it has

shown he got the liquor, put it in the suitcase, brought it and put it in the automobile and delivered it to Mr. Scott; that Scott took it into his own hands and tried to get the stopper out and take a drink. If the State has satisfied you of that beyond a reasonable doubt, then he would be guilty, and you should convict him on that count.

"2. He contends he had an automobile, and while he knew it was his purpose to go in the country with Mr. Scott, that he knew Scott was going after liquor, or that was his purpose in going there to get some liquor—he stated that on the stand.

"3. To the failure of the court to instruct the jury as to the rules of law which applied upon the defendant's contention in event the jury found that the evidence sustained such contention, and to the failure of the court to instruct the jury as to the principles of law which would apply upon the defendant's contention, which were given by the court, the defendant excepts upon the ground that it was useless to present such contention unless the law applying thereto was also presented to the jury.

"4. If you are satisfied beyond a reasonable doubt that he was transporting liquor from one point in this State to another point to some person, you will convict him of that."

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*W. C. Newland for defendant.*

ALLEN, J. The defendant is indicted in the first count under chapter 44, Laws 1913, and in the second, third, and fourth counts under chapter 97, Laws 1915, and these statutes cover the several offenses charged in the indictment.

The exceptions are to the charge, and it is well to consider the second and third first, as the first and fourth instructions relate to the same count.

The objection of the defendant to the second instruction is to the use of the words, "he stated that on the stand," upon the ground it represented the evidence of the defendant incorrectly, but it will be observed his Honor was then stating the contentions of the parties, and "if contentions are not properly stated, the attention of the court should then be called to the omission so that it may be supplied." *Mfg. Co. v. Building Co.,* 177 N. C., 106, and cases cited.

If we, however, turn to the record we find the defendant testified: "I thought we were going after some liquor," which is substantially as his Honor stated.

The third exception is to the failure to fully explain the law to the jury, but there was no legal principle involved beyond the doctrine of

reasonable doubt, which was correctly stated, except as bearing on the first count, upon which the defendant was acquitted, and the fourth.    On the second and third counts the controversy was one of fact as to whether the liquor was received by the defendant or Scott.

We do not approve the charge on the fourth count.

If the evidence of the State is believed, the defendant was transporting his own liquor, and not for the purpose of sale, and we do not think handing a bottle to a companion to take a drink is such delivery as is contemplated by the statute, which was construed in *S. v. Little,* 171 . N. C., 807, to mean transporting or carrying "to or for any other person, firm or corporation."

This does not, however, entitle the defendant to a new trial, because there are two good counts as to which there is no error, and "It is well settled in this State that where there is more than one count in the indictment, and there is a general verdict, this is a verdict of guilty on each count, and if there is a defect as to one or more counts by reason of any defect therein, or erroneous charge as to said count, or lack of evidence, the verdict will be imputed to the sound count in the indictment, as to which there was no erroneous instruction, and upon which evidence is offered.    *S. v. Toole,* 106 N. C., 736, where the authorities to that effect, which are numerous, are collected."    *S. v. Holder,* 133 N. C., 711.

No error.

CLARK, C. J., concurs in the decision upon all the grounds on which it is based, but dissents from the *obiter dictum,* because not necessary to the decision of the case, that if the defendant "was transporting his own liquor, and not for the purpose of sale, he could not be held liable in such case."

Laws 1915, ch. 97, sec. 1—"To restrict the receipt and use of intoxicating liquors"—makes it indictable for any one to "ship, transport, carry, *or* deliver, or in any manner, or by any means whatsoever, for hire or otherwise, in any one package, *or* at any one time, from a point within or without this State to any person, firm, or corporation in this State any spirituous or vinous liquors or intoxicating bitters in a quantity greater than one quart, or any malt liquors in a quantity greater than five gallons.    And it shall be unlawful for any spirituous or vinous liquors or intoxicating bitters so shipped, transported, carried, *or* delivered, in any one package, to be contained in more than one receptacle."

It will be seen that this statute was intended to be comprehensive, and it prohibits any one of several acts, *i. e.,* (1) shipping spirituous or vinous liquors, or intoxicating bitters, or any malt liquors, beyond the quantity named; (2) transporting; (3) carrying; *or* (4) delivering same to any person, etc., in any manner, or by any means whatsoever, for hire

or *otherwise,* in any one package or at any time, or contained in more than one receptacle.

Section 2 of that chapter makes it unlawful for any person, etc., "to *receive* at a point without North Carolina for *his or her use,* or for the use of any person, etc., or for any other purpose, any spirituous or vinous liquors," etc., in greater quantity than above stated, at any one time.

The issue of prohibition has been long debated, but this State and the United States have decided in a constitutional manner that the public welfare requires that the shipping, or transportation, or manufacture, or sale, or the mere receipt for one's own use, or any other purpose, etc., or delivery of intoxicating or vinous liquors or intoxicating bitters over a quart, or malt liquors more than five gallons, shall be a criminal offense.

Long debated, the matter has been finally settled, and the law should be construed in the same spirit that it has been enacted so as to effectuate. the purpose of the statute. The violation of this statute is by the same means and for the same motive as in cases of larceny; that is; it is done secretly, and for the purpose of making profit out of the deliberate violation of law. This statute simply applies to intoxicating liquor the principle that makes it indictable to "receive, ship, carry, transport, or deliver stolen goods, knowing them to be stolen."

Prohibition being an innovation, so to speak, was unpopular with the minority, and every ingenuity has been used to escape detection and punishment, both in the manner of doing the art, and in seeking to evade punishment by the courts for infringement of the law.

It is for this reason that so many successive statutes have been passed to cure the defects which the ingenuity of counsel have discovered in successive acts, and it is, therefore, that we not only have the Webb-Kenyon Law, the "Search and Seizure Act," and many other acts, but that the statute of 1915, above quoted, makes punishable every manner of handling the forbidden article. It is clearly intended by this statute that whether the receipt or the shipping, or carrying, or transporting should be for the person's own use or otherwise; or for sale, or for the person's own use, such receiving, or shipping, or carrying, or transportation, or delivery is illegal. It does not matter that the delivery of these articles to any person is also forbidden. Each of these other four acts is distinctly made unlawful. The words "other person" are not in the statute, and is only inferred when there is a "delivery," for a person cannot deliver to himself. Nor is it necessary that the delivery shall be for or by sale, for that was prohibited in previous statutes. The act denounces equally the receiving, shipping, transportation, or carrying, whether it is done by the person for himself or for another, and whether the article is to be sold or is to be used by the carrier. It is true that it was intimated contrary to this in *S. v. Little,* 171 N. C., 807, but it was

not necessary to that decision. Besides, section 2 did not enter into the consideration of that case, for the "receipt" was at a point in South Carolina.

It is not a question of the intention in shipping or transporting or carrying or delivery, or receiving. Nor does the purpose for which this was done create the illegality, but it is the bare fact of shipping, transporting, or carrying, or receiving in this State, *or* delivering intoxicating, vinous, or malt liquors above the quantities stated in the act, which is made indictable. The intention of the act may be tersely expressed in the phrase, "Taste not, touch not, handle not" the forbidden article. It it outlawed by the statute, just as dynamite or any poisonous drug, and for the same reason that the popular will has deemed this necessary for the public welfare, and made the violation of that will a crime.

The purport of our statutes is identical with the XVIII Amendment of the U. S. Constitution, which prohibits "the manufacture, sale, or transportation of intoxicating liquors" within the United States. It is no exemption either under the State or Federal law that the manufacture or transportation is for one's own use.