STATE v. ALECK SATTERWHITE.

(Filed 14 December, 1921.)

**1. Appeal and Error—Failure to Docket—Dismissal.**

Where the defendant in a criminal action has failed to docket his case until after the expiration of the term at which it should have been heard, the Attorney-General may on motion have it dismissed as a matter of course.

**2. Criminal Law—Sentence—Judgment—Pending Sentences—Commencement of Sentence.**

A sentence, upon conviction in a criminal action, which recognizes an existing sentence of the same defendant then pending on appeal to the Supreme Court, and makes the term of imprisonment to begin at once, or immediately after the expiration of the former sentence, according to the outcome of the appeal, is not void for uncertainty, indefiniteness, or being alternative or contingent; and when a pardon has been obtained from the Governor, in the meanwhile, the present sentence will take effect at once.

**3. Appeal and Error—Criminal Law—Sentence—Case Remanded—Void Sentence.**

Where the sentence in a criminal case is void for indefiniteness, etc., the case will be remanded in order that a correct sentence may be imposed.

APPEAL by defendant from *Long, J.,* at September Term, 1920, of BUNCOMBE.

The defendant was convicted and sentenced for selling spirituous liquors, and appealed. Said appeal not having been docketed here at the spring term, as required, the Attorney-General moves to dismiss.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Philip C. Cocke for defendant.*

CLARK, C. J. This case was tried at September Term, 1920, of Buncombe. Not having been docketed here till this term, the motion of the Attorney-General to dismiss should be allowed as a matter of course. At his option, the case might have been docketed and dismissed under Rule 17, at last term.

The only point, however, raised by the defendant in his brief is "Appellant assigns error that the judgment imposed is uncertain, indefinite, conditional, alternative, and contingent in respect to the time the said judgment shall go into effect and be executed upon the person of the defendant."

If the case was properly before us, we should have to hold against the appellant. The record sets out that "when the solicitor prayed judgment in this case he informed the court that this defendant has, since 1914,

been under indictment in Asheville in different courts, in about 40 cases
on the criminal docket, acquitted in some and convicted in others. This
information is put on the record in explanation of the court's sentence,
and made a part of it. The sentence of the court is that he be imprisoned
in the county jail for 18 months, and assigned to work on the public
roads of Buncombe County. It also appearing to the court that he has
been sentenced, by another judge at a previous term of court for house-
breaking, for 18 months, and the case is still in the Supreme Court, this
sentence is made so that it shall not conflict with the other sentence if the
same is approved. In other words, this sentence is to begin at the ex-
piration of the other sentence. If the sentence in the other case is re-
versed or there is a new trial, this sentence is to begin first and become
effective immediately."

The statement of the case on appeal was settled by the judge 18 No-
vember, 1920. The defendant having been pardoned by the Governor
(Bickett) in the other case pending in this Court from a sentence of 18
months for housebreaking, the defendant's counsel contends that the sen-
tence in the present case is void, and that the defendant will be entitled
to a new trial.

If the sentence imposed were defective, there being no other error as-
signed, the defendant, though he had prosecuted his appeal in time, would
not have been entitled to a new trial, but the case would have been re-
manded that a correct sentence might be imposed. *S. v. Lawrence,* 81
N. C., 522; *S. v. Queen,* 91 N. C., 660; *S. v. Jones,* 101 N. C., 724; and
this irrespective of whether the case came to this Court by appeal from
the judgment or on a *habeas corpus,* or by *certiorari. S. v. Walters,* 97
N. C., 490; *S. v. Crowell,* 116 N. C., 1059; *S. v. Austin,* 121 N. C., 622.

But there is no defect in the judgment as entered. In *S. v. Hamby,*
126 N. C., 1067, it was held that a sentence "made to begin on the ex-
piration of another sentence imposed on the defendant is valid. This
practice, called 'cumulative sentences,' is not unusual on the circuit, and
is not contrary to any principle of law. It is in conformity with the
settled criminal practice in England and most of the states, where a per-
son is convicted of several offenses at the same time," citing the text-
books and authorities, and the reasons therefor, saying, among other
things: "If this were not so, a person could not be punished for an of-
fense committed while undergoing punishment unless the trial were post-
poned till its expiration. Our statute does not expressly require sen-
tences to begin *in presenti,* and it ought not to be so construed (espe-
cially) where no present effect can be given to such sentence by reason
of another subsisting judgment of imprisonment."

*S. v. Hamby, supra,* was approved, *In re Hinson,* 156 N. C., 252, and
*In re Black,* 162 N. C., 459, in which the Court said that it had been

"settled by many decisions and with entire uniformity" that where a defendant had been sentenced to imprisonment on conviction of two or more indictments, "sentence may be given against him on each successive conviction, the sentence of imprisonment in each successive term to commence from the expiration of the term next preceding," and that such sentences are not void for uncertainty, but the sentence should state that the later term should begin at the expiration of the former term, else they would run concurrently, citing many authorities.

But we have a more recent case affirming a sentence in the exact terms of the present sentence, which was rendered by the same judge and was affirmed, *S. v. Cathey,* 170 N. C., 797, in which *Allen, J.,* said that it was "lawful to impose a sentence to take effect at the expiration of the first sentence, and by legal operation such sentence would begin immediately upon the reversal of the first sentence on appeal, or upon its expiration by the lapse of time, *or otherwise,* and it cannot impair the validity of the judgment that his Honor set down in words in this case what the law would have written into it." The sentence in that case was in the identical terms of that now before us.

We find no error, and have thought proper to call attention to these principles, though well settled, but as the case was not brought up at the proper term the motion of the Attorney-General must be granted.

Appeal dismissed.