STATE v. BOB JARRETT.

(Filed 22 April, 1925.)

**1. Intoxicating Liquor—Indictment—Counts—Statutes.**

An indictment charging violations of the Turlington Act that defendant did unlawfully and wilfully, etc., deliver, furnish, purchase and possess intoxicating liquor, and did have and keep in his possession for the purpose of sale intoxicating liquor, though not separately numbered, charges two counts, one for unlawful delivery and the other the possession for the purpose of unlawful sale, the trying thereof under the same indictment as separate counts being within the sound discretion of the trial court. C. S., 4622.

**2. Same—Evidence—Verdict.**

Where the charges in the bill of indictment are to be regarded as separate counts, one charging an unlawful delivery, etc., of intoxicating liquors, and the other the possession for the purpose of unlawful sales, evidence that the defendant had sold intoxicating liquor is sufficient for conviction upon a general verdict of guilty.

**3. Same—Motion to Quash—Selection by Solicitor—Discretion of Court—Verdict.**

Where the bill of indictment charges several criminal offenses of the same grade and punishable alike, the court in its sound discretion may quash or compel the solicitor to elect, and a motion to quash comes too late after verdict.

**4. Same—Bill of Particulars.**

Where an indictment charges several offenses separable into different counts, and the case accordingly comes on for trial, the defendant may upon motion request the trial judge, acting in his sound discretion, to require the solicitor to furnish a bill of particulars (C. S., 4613), and the indictment may not be quashed if in the bill the charge is sufficiently stated. C. S., 4623.

**5. Same—Judgments—Appeal and Error—Harmless Error.**

*Held*, in this case there were but two criminal offenses charged in the bill of indictment, and the judgment of the court upon a third, not included, was not prejudicial, as it imposed no punishment and may be disregarded.

APPEAL by defendant from *Finley, J.,* and a jury, at October Term, 1924, of FORSYTH.

The defendant was tried on appeal from the municipal court of Winston-Salem, at the October Term, 1924, of Forsyth County Superior Court. The warrant in the municipal court on which he was tried in the Superior Court charged, in part, in the words of section 2, of the Turlington Act, chapter 1, Public Laws 1923, as follows:

"Did unlawfully and wilfully transport, import, export, deliver, furnish, purchase and possess intoxicating liquor in violation of law, and did have and keep in his possession for the purpose of sale intoxicating liquor."

The last clause charges an offense against section 10, of the Turlington Act.

The evidence of the State was as follows:

"Rush Howell, testified, that he bought a half pint whiskey from the defendant and paid $1.00 for same, and the whiskey was delivered to him by the defendant."

"John Alspaugh, testified, that he bought half pint of whiskey from the defendant and paid him $1.00 for same, and defendant delivered the whiskey to him."

The court below charged the jury, in part, as follows:

"The State relies upon two clauses in the warrant, one for delivering liquor to the prosecuting witness and the other is for having liquor in his possession for the purpose of sale. He is not charged with 'the sale in the warrant, but having on hand for the purpose of sale. He is charged with that."

The jury returned a verdict of guilty. The following judgment was rendered by the court below:

"The judgment of the court is, that on the first count in the bill of indictment that the defendant be confined to the common jail for a term of 12 months and assigned to work on the public roads of Forsyth County, not to wear felon stripes, and on the second count in the bill of indictment the judgment of the court is that the defendant be confined in the common jail for a term of 12 months and assigned to work on the public roads of Forsyth County, not to wear felon stripes. This sentence to begin at the expiration of the sentence on the first count contained in the bill of indictment. The judgment of the court is that on the third count in the bill of indictment that the defendant be confined in the common jail for a term of 12 months and assigned to work on the public roads of Forsyth County, and not to wear felon stripes. Capias as to the sentence on the third count in the bill of indictment to issue upon motion of the solicitor."

Defendant made several exceptions, assigned error and appealed to the Supreme Court. These will be considered in the opinion.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. S. Fitts, M. L. Mott, Jr., and Holton & Holton for defendant.*

CLARKSON, J. It may not be amiss to give the entire section 2, of the Turlington or Conformity Act, Public Laws 1923, ch. 1:

"No person shall manufacture, sell, barter, transport, import, export, deliver, furnish, purchase, or possess any intoxicating liquor except as

authorized in this act; and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented. Liquor for nonbeverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished, and possessed, but only as provided by Title II of The Volstead Act, act of Congress enacted October twenty-eighth, one thousand nine hundred and nineteen, an act supplemental to the National Prohibition Act, 'H. R., 7294,' an act of Congress approved November twenty-third, one thousand nine hundred and twenty-one."

The warrant on which defendant was tried does not contain all that the Turlington Act makes unlawful in section 2, it omitted, to wit: "Manufacture, sell, barter." The warrant does contain a charge under section 10, "and did have and keep in his possession for the purpose of sale intoxicating liquor." The warrant charges "(1) unlawfully and wilfully deliver intoxicating liquor, (2) did have and keep in his possession for the purpose of sale intoxicating liquor."

The defendant contends that the indictment contained but one count, when the judge charged the jury that there were two counts, and the verdict should have been set aside; there was error in the court below not setting aside the verdict and also error in not allowing defendant's motion in arrest of judgment based upon the same facts. We cannot so hold.

C. S., 4622 (Laws 1917, ch. 168) is as follows:

"When there are several charges against any person for the same act or transaction or for two or more acts or transactions connected together, or for two or more transactions of the same class or crimes or offenses, which may be properly joined, instead of several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court will order them to be consolidated: *Provided,* that in such consolidating cases the defendant shall be taxed the solicitor's full fee for the first count, and half fees for each subsequent count upon which conviction is had: *Provided,* this section shall not be construed to reduce the punishment or penalty for such offense or offenses."

If separate indictments had been found against defendant (1) for delivering intoxicating liquor (2) for having and keeping in his possession for the purpose of sale intoxicating liquor, it was in the sound discretion of the court below to consolidate. This matter is ably and clearly discussed by *Varser, J.,* in *S. v. Malpass, ante,* p. 349—see cases cited. The statute in plain language gives the authority. The defendant should have requested the court below to quash or to make the

solicitor elect on which offense defendant should be tried or to *nol. pros.,* it would have been in the discretion of the court below to grant the motion. No such request was made. In *S. v. Hedgecock,* 185 N. C., p. 719, it is said: "Indeed in *S. v. Little,* 171 N. C., 806, *Hoke, J.,* said: 'As a matter of form, in respect to the feature of the charge, that the unlawful delivery of the quantity (of liquor) specified was to "a person or persons to the jurors unknown," the bill of indictment has been held sufficient, *S. v. Dowdy,* 145 N. C., 432; *S. v. Tisdale, ibid.,* 422 (which were prior to the act of 1913, now C. S., 3383), and the principal question presented is whether, on the facts contained in the special verdict, the defendant is guilty of the offense, under the statute, charged against him in the bill'—which was a violation of the law against transporting intoxicating liquors."

In *S. v. Switzer,* 187 N. C., p. 94, it is said: "Where there are several offenses, but of the same grade and punishable alike, the power of the court to quash or compel the solicitor to elect is a matter of sound discretion. *S. v. Burnett,* 142 N. C., 580; *S. v. Lewis,* 185 N. C., 643."

In *S. v. Burnett, supra,* p. 580, this Court said: "When an indictment charges several distinct offenses in different counts, whether felonies or misdemeanors, the bill is not defective, though the court in its discretion may compel the solicitors to elect, if the offenses are *actually* distinct and separate, lest the prisoner be confused in his defense or embarrassed in his challenges; but there is no ground to require the solicitor to elect when the indictment charges the same act 'under different modifications, so as to correspond with the precise proofs that might be adduced.' *S. v. Haney,* 19 N. C., 394; *S. v. Barber,* 113 N. C., 714; *Gold Brick case,* 129 N. C., 656, and cases there cited. Besides, duplicity is ground only for a motion to quash, made in apt time, and is cured by verdict. *S. v. Wilson,* 121 N. C., 655; *S. v. Hart,* 116 N. C., 978; *S. v. Cooper, supra,* (101 N. C., 684); *S. v. Haney, supra,* (19 N. C., 390); *S. v. Simons,* 70 N. C., 336; *S. v. Locklear,* 44 N. C., 205."

The separate offenses charged in the same warrant or indictment are to be considered and treated as separate counts.

In *S. v. Toole,* 106 N. C., 740, it is said: "Where the offenses are distinct, the court can impose a sentence on each count; but where it is a stating of the same offense, in different ways, only one sentence should be imposed."

In *S. v. McAllister,* 187 N. C., 404, referring to *S. v. Switzer,* 187 N. C., 96, it was there held: "There was a general verdict of guilty, which, in law, was a verdict of guilty on each and every count. The general verdict of guilty upon two counts will be sustained if the evidence justifies either. *S. v. Toole,* 106 N. C., 736; *S. v. Strange,* 183 N. C., 775." *S. v. Coleman,* 178 N. C., 760.

In *S. v. Mitchem,* 188 N. C., p. 609, it is said: "A motion in arrest of judgment, to be allowed, must be based on some matter which appears, or for the omission of some matter which ought to appear, on the face of the record. *S. v. Jenkins,* 164 N. C., 527; *S. v. Douglass,* 63 N. C., 500." *S. v. Efird,* 186 N. C., 482, and cases cited.

It appears on the face of the record two counts—evidence sufficient to support both, and a verdict of guilty. The motion in arrest of judgment cannot be sustained.

The two offenses of which defendant was charged, and on which the case was submitted to the jury, were fully supported by the evidence of the two witnesses who purchased intoxicating liquor from defendant, as found by the jury. Although the witnesses testified that they purchased the whiskey and there is no offense charged for selling, yet there is an offense charged for delivering and the offense is completed by delivery, although the delivery was by sale, and the other offense charged is having and keeping in possession for the purpose of sale intoxicating liquor. This is complete, as the fact of selling is the highest evidence that it was in the possession for sale. The two offenses set out in the warrant, and the charge given by the court below to the jury made certain the offenses that defendant had to meet.

C. S., 4613. "In all indictments when further information not required to be set out therein is desirable for the better defense of the accused, the court, upon motion, may, in its discretion, require the solicitor to furnish a bill of particulars of such matters." *S. v. Leeper,* 146 N. C., 661; *S. v. Hawley,* 186 N. C., 433.

C. S., 4623. "Every criminal proceeding by warrant, indictment, information, or impeachment is sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill of proceeding, sufficient matter appears to enable the court to proceed to judgment."

In *S. v. Switzer, supra,* p. 96, we held: "We think, under the language of the statute, the first count is drawn according to the practice and procedure of this Court. Form, technicality and refinement have given way to substance, and it is sufficient if the indictment contains the charge in a plain, intelligent, and explicit manner. *S. v. Leeper,* 146 N. C., 655; *S. v. Hedgecock,* 185 N. C., 714; *S. v. Hawley,* 186 N. C., 433."

The offenses charged were in general, definite and certain. Defendant could have requested the court below, and this was in its discretion, for a bill of particulars, showing detail and particulars of offenses charged.

In *S. v. Satterwhite,* 182 N. C., 893, it is said: "*S. v. Hamby, supra,* (126 N. C., 1067) was approved, *In re Hinson,* 156 N. C., 252, and *In re Black,* 162 N. C., 459, in which the Court said that it had been 'settled by many decisions and with entire uniformity' that where a defendant had been sentenced to imprisonment on conviction of two or more indictments, 'sentence may be given against him on each successive conviction, the sentence of imprisonment in each successive term to commence from the expiration of the term next preceding,' and that such sentences are not void for uncertainty, but the sentence should state that the later term should begin at the expiration of the former term, else they would run concurrently, citing many authorities." *S. v. Malpass, ante,* 354.

There is no evidence to support a third count, and therefore, the judgment as to this is erroneous. If there had been, the judgment of the court below could not prejudice the defendant. The sentence on the third count was concurrent with the others. The sentence of twelve months on the roads of Forsyth County on the first count in the bill of indictment, with the same judgment on the second count, to commence at the termination of the first term of imprisonment, is correct, and in accordance with the well settled practice and procedure of this Court.

The defendant has to serve under the judgment two years. From a careful review of the law in this jurisdiction, we can find

No error.