STATE v. THOMAS H. SHIPMAN, J. H. PICKELSIMER, C. R. McNEELY,
RALPH FISHER AND JOSEPH S. SILVERSTEEN.

(Filed 19 October, 1932.)

1. **Criminal Law L e—Appeal from order denying motion for new trial after affirmance of judgment by Supreme Court will be dismissed.**

   Under the facts of this case this appeal from an order of the Superior Court denying a motion for a new trial after affirmance of the judgment by the Supreme Court is without merit and is dismissed.

2. **Criminal Law J f—Superior Court has no jurisdiction to hear motion for new trial for error in judgment affirmed by Supreme Court.**

   After the Supreme Court has affirmed a judgment in a criminal action the Superior Court is without authority to hear a motion made at the next succeeding term for a new trial for errors in the judgment, the Supreme Court alone having authority to correct such errors either in its appellate or supervisory jurisdiction.

3. **Criminal Law L e—Supreme Court will correct patent error in judgment regardless of how case comes before it.**

   Upon conviction of criminal conspiracy the defendants may be fined or imprisoned, but not both, and where through inadvertence the judgment of the Superior Court imposes both fine and imprisonment, the error will be corrected in the Supreme Court either in its appellate or supervisory jurisdiction, regardless of how the case is brought before the Court, and although the defendants are not entitled to a new trial, the judgment will be vacated and the case remanded to the Superior Court with direction that proper judgment be entered, and for the purpose of correcting such error the Supreme Court will exercise its supervisory jurisdiction on a motion to docket and dismiss an appeal from an order of the Superior Court denying application for a new trial after affirmance of the judgment by the Supreme Court, the motion to dismiss being treated as a return of a writ of *certiorari.*

MOTION by State to docket and dismiss or to dismiss appeal, the transcript of the case having been sent up and docketed, 8 October, 1932, at the instance of the solicitor of the district as was his right. *Carswell v. Talley,* 192 N. C., 37, 133 S. E., 181.

At the August Special Criminal Term, 1931, Transylvania Superior Court, the defendants in the above entitled cause were tried upon indictments charging them with conspiracy and misapplication in violation of the banking laws, which resulted in convictions and judgments. From these, the defendants appealed to the Supreme Court. The judgments were affirmed as to five of the defendants in an opinion filed 6 April, 1932, reported in 202 N. C., 518, 163 S. E., 657.

At the next succeeding term of Transylvania Superior Court, July-August Term, 1932, following affirmance of the judgments on appeal,

the defendants, Thos. H. Shipman, J. H. Pickelsimer, C. R. McNeely and Ralph Fisher, made application to Hon. Walter E. Moore, judge presiding, for new trials on the grounds of (1) alleged misconduct of jurors; (2) newly discovered evidence, and (3) errors in the original judgments.

The original judgment imposed on each of the said defendants, on the charge of conspiracy, was a fine of $5,000 and imprisonment in the State's prison of not less than 2 nor more than 5 years.

No further judgment was imposed upon the defendant, Thos. H. Shipman; prayer for judgment was continued as against the defendants, J. H. Pickelsimer and C. R. McNeely, on the charge of misapplication; and an order was entered disbarring the defendant, Ralph Fisher, from practicing law in North Carolina.

The defendant, J. S. Silversteen, appears not to have joined in the application for a new trial. The judgment imposed upon him was a fine of $5,000 and the costs of the action, which presumably has been satisfied.

His Honor denied the application of the four defendants on the first and second grounds, and held that he was without authority to entertain the motion on the third ground, or for errors in the original judgments, from which rulings the said defendants gave notice of appeal.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Johnson, Smathers & Rollins for Thos. H. Shipman.*

*Jones & Ward and Louis Hamlin for J. H. Pickelsimer, C. R. McNeely and Ralph Fisher.*

STACY, C. J. The appeal in so far as it challenges the rulings of Judge Moore is without merit, and the motion to docket and dismiss or to dismiss is well founded. *S. v. Lea, ante,* 316. The application was properly denied, and his Honor was correct in holding that he was without authority or jurisdiction to entertain the petition on the ground of alleged errors in the original judgments. No appeal lies from one Superior Court to another, or from this Court to the Superior Court. *S. v. Lea, supra.* After the adjournment of the trial term, this Court alone may order the correction of such errors, either in its appellate or supervisory jurisdiction, depending upon how the case is presented.

It appears on the face of the record now before us that the judgments imposed upon the four defendants, Thos. H. Shipman, J. H. Pickelsimer, C. R. McNeely and Ralph Fisher, on the charge of conspiracy, are illegal or erroneous (*S. v. Walters,* 97 N. C., 489, 2 S. E., 539; 8

R. C. L., 237), in that, in each instance, both fine and imprisonment were imposed, whereas, for such offense, it is permissible to impose either fine or imprisonment, but not both (*S. v. Ritter,* 199 N. C., 116, 154 S. E., 62), hence it becomes our duty to take cognizance of the matter; and this irrespective of how the case is brought before us, whether by appeal, *habeas corpus, certiorari,* or motion to docket and dismiss appeal. *S. v. Satterwhite,* 182 N. C., 892, 109 S. E., 862; *S. v. Beasley,* 196 N. C., 797, 147 S. E., 301.

While no error was committed on the hearing of the application from which the present appeal is sought to be taken, nevertheless, it may be regarded in the nature of a return to writ of *certiorari,* if need be, such as was issued in *S. v. Walters, supra,* and in *S. v. Lawrence,* 81 N. C., 522. The record is before us and the error is apparent. By inadvertence on the part of the solicitor, the judge and counsel for defendants, the incorrectness of the judgments was overlooked when they were first imposed, and the matter was not called to our attention on the original appeal. The result is one of clear oversight or inadvertence on all hands.

The defendants, however, are not entitled to a new trial. The verdict stands. The fact that judgment of both fine and imprisonment was imposed, when only one is authorized, is not ground for a new trial, but such judgment will be vacated and the cause to this extent remanded with direction that a lawful sentence be imposed. *S. v. Cherry,* 154 N. C., 624, 70 S. E., 294; *S. v. Black,* 150 N. C., 866, 64 S. E., 778; *S. v. Crowell,* 116 N. C., 1052, 21 S. E., 502; *S. v. Austin,* 121 N. C., 620, 28 S. E.; 361.

The judgments against the four defendants, Thos. H. Shipman, J. H. Pickelsimer, C. R. McNeely and Ralph Fisher, on their convictions for conspiracy, will be set aside and the cause to this extent remanded for lawful sentences on these convictions. In no other respect will the proceedings now be disturbed.

Error and remanded.